E-filing

1  RONALD R. LAMB, Cal. Bar No. 99396
   WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
2  Twenty-Second Floor
   400 Capitol Mall
3  Sacramento, CA 95814
   Telephone: (916) 441-2430
4  Facsimile: (916) 442-6664
   E-mail: rlamb@wilkefleury.com
5
   KENNEDY P. RICHARDSON, Cal. Bar No, 62516
6  MARK PALLEY, Cal. Bar No. 120073
   JORDAN POSAMENTIER, Cal. Bar No. 246301
7  MARION'S INN
   1611 Telegraph Avenue, Suite 707
8  Oakland, California 94612-2145
   Telephone: (510) 451-6770
9  Facsimile: (510) 451-1711
   E-mail: kpr@marionsinn.com
10 E-mail: mp@marionsinn.com
   E-mail: jop@marionsinn.com
11
   Attorneys for Defendants Kaiser Foundation
12 Health Plan, Inc., Kaiser Foundation Hospitals,
   and The Permanente Medical Group, Inc.

ORIGINAL
FILED
DEC - 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

ADR

JL

13
14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16 TIMOTHY MCCONNELL,                    )  No.  C07-06203
                                         )
17              Plaintiff,               )
                                         )  [Alameda County Sup. Ct. No.
18         v.                            )  HG07329121]
                                         )
19 THE PERMANENTE MEDICAL GROUP, INC.;   )
   KAISER FOUNDATION HOSPITALS; KAISER   )  NOTICE OF REMOVAL OF ACTION
20 FOUNDATION HEALTH PLAN; and DOES 1    )  UNDER 28 U.S.C. § 1441(b)
   through 100, inclusive,               )  (FEDERAL QUESTION)
21                                       )
              Defendants.                )
22
23 TO THE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN

24 DISTRICT OF CALIFORNIA:

25         This Notice of Removal is made by defendants Kaiser Foundation Health Plan, Inc.

26 ("Health Plan"), Kaiser Foundation Hospitals ("KFH"), and The Permanente Medical Group,

27 Inc. ("Permanente") – hereinafter referred to collectively as "defendants" or "Kaiser." This

28 Notice is based on the following grounds:

NOTICE OF REMOVAL
No. Dist. Cal. No. _____                                    1

1.      The defendants are the existing three legal entities named as defendants in a civil action filed in the Superior Court of the State of California in and for the County of Alameda (Case No. HG07329121), sometimes referred to herein as "the state court action."  This action was filed on June 4, 2007 and is entitled "TIMOTHY MCCONNELL, Plaintiff, v. THE PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HOSPITALS; KAISER FOUNDATION HEALTH PLAN; and DOES 1 through 100, inclusive, Defendants.

2.      On November 9, 2007, defendants were served with copies of the summons and complaint filed in the state court action ("state court complaint").  True copies of the state-court complaint, the summons, civil case cover sheet, the Notice of Case Management Conference and Order (Amended), the Notice of Judicial Assignment to Judge Patrick J. Zika, and defendants' answer, are attached hereto as Exhibits A, B, C, D, and E, and F, respectively. These documents constitute the documents that are on file in the state court action.

3.      <u>Jurisdiction</u>:   Defendants may remove the state court action to the United States District court under section 1441, 28 U.S.C., based on the following facts and grounds:

a.      Defendant Health Plan is a health maintenance organization ("HMO") under the federal HMO Act of 1973, 42 U.S.C. § 300e *et seq.*, and a licensed health care service plan under the California Knox-Keene Health Care Service Plan Act of 1975, Calif. Health & Safety Code § 1340 *et seq.*

b.      At all times alleged in the state court complaint, plaintiff was a Medicare beneficiary enrolled as a member of Health Plan's HMO under a Medicare Advantage agreement entered into between Health Plan and the U.S. Department of Health and Human Services, known as Senior Advantage.  Under this Medicare Advantage agreement, Health Plan was obligated to arrange for the provision of medical and hospital services to enrollees in accordance with the standards set forth in Part C of the Medicare Act, 42 U.S.C. § 1395w-21 *et seq.*

c.      At all times alleged in the state court complaint, defendants KFH and Permanente contracted with Health Plan to provide hospital and medical services to members enrolled under the Medicare Senior Advantage agreement.  Health Plan also shared and

NOTICE OF REMOVAL
No. Dist. Cal. No. _____                                    2

1  delegated to KFH and Permanente the administrative function of determining members'

2  eligibility for coverage for kidney transplants and processing the eligible members' application

3  for kidney transplants in accordance with the rules of the United Network for Organ Sharing

4  agency ("UNOS") under the National Organ Transplant Act, 42 U.S.C. § 273.

5          d.    Plaintiff's causes of action include negligence; fraud, deceit, and

6  fraudulent concealment; fraud and negligence *per se*; intentional infliction of emotional distress;

7  violation of Cal. Bus. & Prof. Code §§ 17200 and 17500; and breach of contract and tortious

8  breach of the implied covenant of good faith and fair dealing. Plaintiff seeks punitive damages.

9          e.    These claims are based on and arise from Health Plan's alleged

10 delay or denial of coverage for plaintiff's request for a kidney transplant.  The express terms of

11 plaintiff's Health Plan membership agreements provide coverage for organ transplants, which

12 includes kidney transplants, in accordance with specified eligibility criteria.

13         f.    Although plaintiff attempts to characterize his claims as ones

14 dealing with medical treatment and care, the state court complaint is centered on the allegation

15 that Kaiser wrongfully administered plaintiff's coverage for kidney transplants under his Health

16 Plan Medicare Advantage membership agreements, and that he was injured as a result.

17 Plaintiff's breach of contract and tortious breach of implied covenant of good faith and fair

18 dealing causes of action allege that Kaiser did not ensure that its kidney did not "ensure [that ] its

19 decision to open a kidney transplant program did not interfere with [plainitff's] ability to get a

20 pancreas transplant. . . .," that it hid "from the plaintiff the failure of its kidney transplant

21 program and its impact on his ability to obtain a pancreas"; and that it did not "ensure that

22 [plaintiff] received the proper medication for his kidney." Complaint, Attachment 1 to Complaint

23 of Timothy McConnell, at 2.  Plaintiff's causes of action for violations of the Business &

24 Professions Code sections 17200 *et seq* and 17500 *et seq*. allege that Kaiser deceived plaintiff

25 about its "kidney transplant program and its effects on patients' health care. . . ." *Id.* at 2.

26 Plaintiff's fraud, deceit, and fraudulent concealment causes of action allege that Kaiser did not

27 tell plaintiff that its "kidney transplant program would not materially interfere with his wait for

28 pancreas transplant or its authorization to UCSF. . . ." *Id.* at 1.  Finally, plaintiff's negligence

1  action alleges that "defendants provided negligent health care service. . .by. . .failing to

2  administer proper antirejection drugs for [plaintiff's] transplanted kidney." *Id.* at 1.

3  Accordingly, the complaint falls within federal question jurisdiction.

4               g.     The legal standards of Part C of the Medicare Act, 42 U.S.C.

5  §1395w-21 *et seq.*, preempt and supersede all of plaintiff's claims because those claims are

6  based on state-law legal standards that are expressly preempted under 42 U.S.C. § 1395w-

7  26(b)(3), as amended and expanded by the Medicare Prescription Drug, Improvement, and

8  Modernization Act of 2003, Public Law 108-173 (2003).  Section 1395w-26(b)(3) states that

9  "[t]he standards established under this part shall supersede any State law or regulation (other

10  than State licensing laws or State laws relating to plan solvency) with respect to MA plans which

11  are offered by MA organizations under this part." The purpose and effect of the 2003

12  amendment is to preempt all state law remedies relating to the operation of Medical Advantage

13  plans and thereby overrule decisions such as *Ardary v. Aetna Health Plans of Cal., Inc.* 98 F.3d

14  496 (9th Cir. 1996).  As declared by the House Conference Report that accompanied the 2003

15  amendment:

16        "The conference agreement clarifies that the MA program is a federal program

17        operated under Federal rules.  State laws, do not, and should not apply, with the

18        exception of state licensing laws or state laws related to plan solvency. There has

19        been some confusion in recent court cases.  This provision would apply

20        prospectively; thus, it would not affect previous and ongoing litigation."  (H.R.

21        Report 108-391 at 557.)

22               h.     Not only has the Medicare Act occupied the field of regulating

23  Medical Advantage plans' liabilities and duties since the 2003 amendment, the Act also

24  furnishes an exclusive federal remedy for claims pertaining to the improper denial or other

25  administration of plan benefits as set forth in section 1395w-22(f) & (g), 42 U.S.C., and sections

26  422.560 *et al.,* 42 C.F.R.  Because the Medicare Act provides the exclusive remedy for the

27  alleged wrongs of which the plaintiff complains in the state court complaint, plaintiff's state

28  court action is removable under the complete preemption doctrine as affirmed by the Supreme

1 | *v. Anderson*, 539 U.S. 1 (2003).

2 |       4.    Insofar as the state court complaint asserts claims that are not within this
3 | Court's federal question jurisdiction, these non-federal question claims are removable on the
4 | basis of this Court's supplemental and pendent jurisdiction.

5 |       5.    As required by section 1446, 28 U.S.C., plaintiff will be given notice of
6 | the filing of this Notice of Removal, and a true copy of this Notice of Removal will be filed with
7 | the Clerk of the Superior Court in and for the County of Alameda.

8 |       6.    Intradistrict Assignment:  Assignment to the Oakland or San Francisco
9 | division of this Court is appropriate because plaintiff filed his action in the Alameda County
10 | Superior Court.

11 |

12 |       Respectfully submitted,

13 |

14 | Dated: December 6, 2007

WILKE, FLEURY, HOFFELT, GOULD &
BIRNEY, LLP
RONALD R. LAMB

MARION'S INN
KENNEDY P. RICHARDSON
MARK PALLEY
JORDAN S. POSAMENTIER

By _____
Jordan Posamentier

Attorneys for Kaiser Foundation Health Plan, Inc.,
Kaiser Foundation Hospitals, and
The Permanente Medical Group, Inc.

NOTICE OF REMOVAL
No. Dist. Cal. No. _____

5

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Mark G. Crawford (SB# 136501)
Lopez, Hodes, Restaino, Milman & Skikos
625 Market Street, 11th Floor
San Francisco, CA 94105
TELEPHONE NO: 415-956-5257    FAX NO. *(Optional)*: 415-956-4416
E-MAIL ADDRESS *(Optional)*: mcrawford@lopez-hodes.com
ATTORNEY FOR *(Name)*: Plaintiff Timothy McConnell

**ENDORSED FILED**
**ALAMEDA COUNTY**
JUN 0 4 2007
CLERK OF THE SUPERIOR COURT
by _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward

PLAINTIFF: Timothy McConnell

DEFENDANT: The Permanente Medical Group; *INC, KAISER FOUNDATION HOSPITALS; KAISER FOUNDATION HEALTH PLAN*

[✓] DOES 1 TO  200

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number)*:

Type *(check all that apply)*:
[ ] MOTOR VEHICLE    [✓] OTHER *(specify)*:
[ ] Property Damage    [ ] Wrongful Death
[ ] Personal Injury    [ ] Other Damages *(specify)*: Personal Injury

Jurisdiction *(check all that apply)*:
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded    [ ] does not exceed $10,000
                   [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
HG07329121

1. Plaintiff *(name or names)*: Timothy McConnell
alleges causes of action against defendant *(name or names)*:
The Permanente Medical Group; Kaiser Foundation Hospitals; Kaiser Foundation Health Plan; Does 1-200
2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor    [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

# Exhibit A at 1

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McConnell v. The Permanente Medical Group, et al. | |

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant *(name):* The Perm. Med. Grp.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☑ except defendant *(name):* Kaiser Found. Hlth. Pln.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☑ except defendant *(name):* Kaiser Found. Hosp.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):* 1 to 100          were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers):* 101 to 200          are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

Exhibit A at 2

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McConnell v. The Permanente Medical Group, et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
- a. ☐ Motor Vehicle
- b. ☑ General Negligence
- c. ☑ Intentional Tort
- d. ☐ Products Liability
- e. ☐ Premises Liability
- f. ☑ Other *(specify):*

  Fraud, Deceit and Fraudulent Concealment; Negligent Misrepresentation; Fraud and Negligence Per Se; Intentional and Negligent Infliction of Emotional Distress; Violation of B&P Code sections 17200 et seq. and 17500 et seq.; Breach of Contract and Breach of Implied Cov. GFFD

11. Plaintiff has suffered
- a. ☑ wage loss
- b. ☐ loss of use of property
- c. ☑ hospital and medical expenses
- d. ☑ general damage
- e. ☐ property damage
- f. ☑ loss of earning capacity
- g. ☑ other damage *(specify):*

  Emotional distress; contract and bad faith damages; equitable and injunctive relief pursuant to Business and Professions Code sections 17200 et seq. and 17500 et seq.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
- a. ☐ listed in Attachment 12.
- b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
- a. (1) ☑ compensatory damages
- (2) ☑ punitive damages

  The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
- (1) ☑ according to proof
- (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: June 4, 2007

Mark G. Crawford, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## Exhibit A at 3

## ATTACHMENT 1 TO COMPLAINT OF TIMOTHY McCONNELL

McConnell v. The Permanente Medical Group, et al.

Mark G. Crawford
Lopez, Hodes, Restaino, Milman & Skikos
625 Market Street, 11th Floor
San Francisco, CA 94105
(415) 956-5257
Attorneys for plaintiff Timothy McConnell

Plaintiff Timothy McConnell alleges as to each of defendants the following: That defendant purchased medical health care coverage from defendants, and that they provided medical care or coverage for health related conditions, including but not limited to pancreas and kidney transplant care. Plaintiff further alleges as follows:

Negligence: That defendants provided negligent health care service to plaintiff by, among other things, failing to obtain a pancreas transplant and failing to administer proper antirejection drugs for his transplanted kidney. Said failures have caused irreparable damage to his health and condition, including but not limited to his inability to now obtain a pancreas due to intervening health conditions that have arisen after defendants' negligent conduct, and by causing damage or potential damage to his transplanted kidney.

Fraud, Deceit and Fraudulent Concealment: That defendants made representations to or concealed material facts from plaintiff concerning his medical condition by, among other things, failing to reveal to him that he had been offered pancreas transplants and that they were refused without his knowledge; that he had been given improper antirejection drugs for his kidney; that he would be provided adequate medical care for his conditions; and that their Kaiser kidney transplant program would not materially interfere with his wait for a pancreas transplant or its authorization to UCSF (where he was receiving pancreas transplant care) to transplant a pancreas. These misrepresentations and suppression of facts were made with knowledge of their falsity and materiality, and were intended to induce plaintiff to rely upon them in receiving his medical care. At the time of such misrepresentations and concealment, plaintiff was unaware of the true facts and would have taken alternative actions. As a result of defendants' conduct, plaintiff has suffered personal and economic injuries and losses.

Fraud and Negligence Per Se: Defendants have an obligation not to violate the law in the provision of medical treatment. Defendants, however, in providing medical treatment to plaintiff and through the acts alleged herein violated certain statutory provisions, including California Business and Professions Code sections 2234 and 2261, as well as the Manual of Disciplinary Guidelines and Model Disciplinary Orders adopted by the Medical Board of California as a guideline for enforcing the provisions of 166 Code of California Regulations section 1361. As a direct and legal result of the violations of these statutes and regulations, plaintiff suffered devastating physical injuries and expenses.

1

# Exhibit A at 4

<u>Intentional Infliction of Emotional Distress</u>:  Through the actions alleged herein, defendants have engaged in outrageous and unprivileged conduct that was intended to cause harm to plaintiff or was done in reckless disregard of the probability of causing plaintiff to suffer emotional distress.  Defendants were aware of plaintiff's susceptibility to harm at the time of their actions and knew that their actions would cause physical and emotional harm to plaintiff.  As a result of defendants' actions, plaintiff suffered humiliation, shock and severe mental anguish and emotional and physical distress.  As a legal result of such conduct, plaintiff suffered severe emotional distress of such substantial quantity and enduring quality that no reasonable person in civilized society would be expected to endure it.

<u>Violation of Business and Professions Code Sections 17200 <i>et seq.</i> and 17500 <i>et seq.</i></u>: California Business & Professions Code section 17200 provides that unfair competition shall mean and include "any unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."  Business & Professions code section 17500 provides that it is unlawful for any corporation to dispose of property or perform services to induce the public to enter into any obligation relating thereto, through the use of misleading statements.  At all times herein, defendants engaged in a pattern of practice of deceiving patients like plaintiff concerning the operation of their kidney transplant program and its effect on patients' health care, making false statements and concealing material information about the program and the medical care they provide.  These and other acts and practices of defendants constitute unlawful, unfair and fraudulent business practices and were and remain likely to mislead the general public and, therefore, constitute unfair business practices and false, untrue and misleading statements and advertising within the meaning of sections 17200 and 17500.

<u>Breach of Contract and Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing</u>:  Plaintiff was insured through defendant Kaiser Foundation Health Plan's health care coverage program.  Upon enrolling in the plan, Kaiser promised plaintiff they would provide quality medical care through the plan and provide him with all the treatment he was entitled to under the plan.  Relying on Kaiser's representations, plaintiff enrolled in Kaiser's plan.  Plaintiff at all relevant times hereto complied with all defendants' material terms and conditions of the plan.  Kaiser also had a duty of good faith and fair dealing towards plaintiff in which it agreed to provide plaintiff with quality medical care and give plaintiff's interest as much consideration as its own, and to do nothing to deny or compromise the benefits conferred to plaintiff under the plan.  Kaiser breached this duty by unreasonably failing to design and implement a health care plan that satisfied the standard of care promised to him; failing to ensure its decision to open a kidney transplant program did not interfere with his ability to get a pancreas transplant; failing to ensure that plaintiff was told of all pancreas offers and implanted with a viable pancreas; continuing to accept payments from plaintiff while simultaneously failing to ensure he was receiving the proper care he was promised; hiding from plaintiff the failure of its kidney transplant program and its impact on his ability to obtain a pancreas; failing to ensure that he received the proper medication for his kidney; and failing to give as much consideration to plaintiff's welfare as its own interests.  Plaintiff is informed that Kaiser

2

Exhibit A at 5

breached its contract and duties in other ways, and will amend his complaint as he discovers new breaches. As a proximate result of Kaiser's breaches, plaintiff has suffered personal injuries and economic injuries in amounts to be proven at trial.

3

**Exhibit A at 6**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>THE PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION<br>HOSPITALS; KAISER FOUNDATION HEALTH PLAN; and DOES 1 through<br>200, inclusive,<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>TIMOTHY MCCONNELL, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 0 4 2007<br><br>SUPERIOR COURT |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Alameda County Superior Court<br>24405 Amador Street<br>Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>HG07329121 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark G. Crawford/Thomas A. Schultz                    (415) 956-5257
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
625 Market Street, Eleventh Floor
San Francisco, CA 94105

| DATE:<br>*(Fecha)* 6/4/07 | PAT S. SWEETEN | Clerk, by    R Mishra | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* THE PERMANENTE MEDICAL GROUP, INC.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |

# Exhibit B

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, Sta.  r number, and address):*
Mark G. Crawford, State Bar No. 136501
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
625 Market Street, Eleventh Floor
San Francisco, CA 94105
TELEPHONE NO.: (415) 956-5257    FAX NO.: (415) 956-4416
ATTORNEY FOR *(Name):* Plaintiffs

FILE
ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 4 2007

CLERK OF THE SUPERIOR COURT
By _____

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward

CASE NAME: MCCONNELL V. THE PERMANENTE MEDICAL GROUP, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: G07329121 |
|---|---|---|
| ☒ Unlimited Amount demanded exceeds $25,000) | ☐ Limited (Amount) demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE:   DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☒ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigatio (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 9
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 4, 2007

MARK G. CRAWFORD
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2005]      **CIVIL CASE COVER SHEET**      American Legal Net, Inc.  www.USCourtForms.com      Cal. Rules of Court, rules 201.8, 1800-1812; Standards of Judicial Administration, § 19

Exhibit C

*KAISER - McConne PLD.*

☐ **FILE**

*CC MGC mm*

```
┌ Lopez,Hodes,Restaino,Milman &        ┐   ┌                           ┐
  Skikos
  Attn: Crawford, Mark G
  625 Market Street,11th Floor
└ San Francisco, CA  94105             ┘   └                           ┘
```

## Superior Court of California, County of Alameda

| | |
|---|---|
| McConnell | No. HG07329121 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER (AMENDED)** Unlimited Jurisdiction |
| The Permanente Medical Group, Inc. | |
| | Initial Case Management Conference on 10/17/2007 has been vacated and rescheduled. |
| **Defendant/Respondent(s)** (Abbreviated Title) | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.**
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 10/17/2007 Time: 03:15 PM | Department: 24 Location: **Administration Building** **Third Floor** **1221 Oak Street, Oakland CA 94612** Internet: http://www.alameda.courts.ca.gov | Judge: **Patrick J. Zika** Clerk: Benilda Nelson Clerk telephone: (510) 272-6173 E-mail: Dept.24@alameda.courts.ca.gov Fax: (510) 267-1509 |
|---|---|---|

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/10/2007.

By _~~Diane William~~_ *digital*

Deputy Clerk

# Exhibit D

### *Superior Court of California, County of Alameda*



### *Notice of Judicial Assignment for All Purposes*
### *Effective July 1, 2007*

Case Number: HG07329121
Case Title:    McConnell VS The Permanente Medical Group, Inc.
Date of Filing: 06/04/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On July 1, 2007 this case will be assigned for all purposes to:

|  |  |
|---|---|
| Judge: | Patrick J. Zika |
| Department: | 135 |
| Address: | Allen E. Broussard Justice Center |
| | 600 Washington Street |
| | Oakland  CA  94607 |
| Phone Number: | (510) 268-7956 |
| Fax Number: | (510) 267-1521 |
| Email Address: | Dept.135@alameda.courts.ca.gov |

Under direct calendaring, this case will be assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.) Because this notice is effective July 1, 2007, the parties are advised that the earliest possible deadline for a challenge pursuant to Code of Civil Procedure §170.6 is July 16, 2007.**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents filed after July 1, 2007, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

# Exhibit E at 1

ASSIGNED FOR ALL PURPOSES TO
JUDGE Patrick J. Zika
DEPARTMENT 135

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court , which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Unrepresented litigants must also comply with pertinent rules, cited above. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland. Telephone. (510) 268-7221. (2) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (click on link at the bottom of the home page). (3) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (4) Except when requested in a particular case, chambers copies of filings are not necessary.

## Schedule for Department 135

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.

- Trials generally are held: Mondays through Thursdays at 9:00 a.m.

- Case Management Conferences are held: Initial Case Management Conferences: Wednesdays and Thursdays at 3:15 a.m

- Case Management Conference Continuances: Fridays at 9:00 a.m.

- Law and Motion matters are heard: Mondays and Tuesdays at 3:15 p.m. Contact the clerk to reserve a date before filing any law and motion matters.

- Settlement Conferences are heard: Fridays at 10:00 a.m.

- Ex Parte matters are heard: Mondays and Wednesdays at 3:00 p.m. Contact the clerk to reserve a date before noticing any party.

- Contact the clerk to reserve a date before filing any demurrers. Contact the clerk to reserve a date before filing any summary judgments.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
  Email:      Dept.135@alameda.courts.ca.gov
  Phone:      (510) 268-7965

# Exhibit E at 2

Trial Management Compliance hearings and first day of trial: Fridays at 2:00 p.m.
Compliance hearings are heard:  Mondays through Thursdays at 3:15 p.m.

- Ex Parte Matters for hearing dates after July 1, 2007
      Email:     Dept.135@alameda.courts.ca.gov
      Phone:    (510) 268-7965

    Contact the clerk to reserve a date before noticing any party.

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings
will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 135
- Tentative Ruling Line after July 1, 2007:  1-866-223-2244

Dated:  06/05/2007          Executive Officer / Clerk of the Superior Court

                        By   *Carrie Simmons*
                                     Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and
not a party to this cause.  I served this Notice by placing copies in envelopes addressed as
shown on the attached Notice of Initial Case Management Conference and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on
the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

Executed on 06/06/2007

                        By   *Carrie Simmons*
                                     Deputy Clerk

# Exhibit E at 3

DOROTHY J. LEE
FILED
ALAMEDA COUNTY

2007 DEC ℃6  AM 9: 35

CLERK OF THE SUPERIOR COURT
BY_____
                    DEPUTY

1  RONALD R. LAMB, Cal. Bar No. 99396
   WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
2  Twenty-Second Floor
   400 Capitol Mall
3  Sacramento, CA 95814
   Telephone: (916) 441-2430
4  Facsimile: (916) 442-6664
   E-mail: rlamb@wilkefleury.com

5
   KENNEDY P. RICHARDSON, Cal. Bar No, 62516
6  MARK PALLEY, Cal. Bar No. 120073
   JORDAN POSAMENTIER, Cal. Bar No. 246301
7  MARION'S INN
   1611 Telegraph Avenue, Suite 707
8  Oakland, California 94612-2145
   Telephone: (510) 451-6770
9  Facsimile: (510) 451-1711
   E-mail: kpr@marionsinn.com
10 E-mail: mp@marionsinn.com
   E-mail: jop@marionsinn.com
11
   Attorneys for Defendants Kaiser Foundation
12 Health Plan, Inc., Kaiser Foundation Hospitals,
   and The Permanente Medical Group, Inc.

13

14           SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

15 TIMOTHY MCCONNELL,                    )   No. HG07329121
                                         )
16              Plaintiff,               )   Assigned for all purposes to Judge
                                         )   Patrick J. Zika
17      v.                               )
                                         )
18 THE PERMANENTE MEDICAL GROUP, INC.;   )
   KAISER FOUNDATION HOSPITALS; KAISER   )
19 FOUNDATION HEALTH PLAN; and DOES 1    )   ANSWER TO COMPLAINT
   through 100, inclusive,               )
20                                       )
                Defendants.              )
21                                       )

22

23      Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The

24 Permanente Medical Group, Inc. (collectively "defendants") answer the complaint of plaintiff

25 Timothy McConnell as follows:

26 //

27 //

28 //

                              1
                    ANSWER TO COMPLAINT

                  Exhibit F at 1

**GENERAL DENIAL**

In accordance with section 431.30(d), Code Civ. Pro., defendants generally and specifically deny each and every material allegation of the Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.      Each cause of action of the Complaint fails to state facts sufficient to constitute a cause of action.

SECOND AFFIRMATIVE DEFENSE

(Plaintiff's Own Negligence, Fault or Breach)

2.      Plaintiff's alleged damages, if any, must be reduced in proportion to the extent to which plaintiff's own negligence, fault or breach of any implied or expressed terms of any purported contract contributed to the losses or injuries for which plaintiff is seeking damages.

THIRD AFFIRMATIVE DEFENSE

(Comparative Fault)

3.      Each cause of action of the Complaint is barred or limited by the doctrine of comparative fault in that plaintiff's alleged damages, if any, must be reduced in proportion to the extent that his own negligence, fault, breach of contract, or violation of other legal duty contributed to the losses or injuries for which he is seeking damages.

FOURTH AFFIRMATIVE DEFENSE

(Contractual Arbitration)

4.      Each cause of action of the Complaint is subject to the binding contractual arbitration provision in the membership agreement under which plaintiff is enrolled as a member of Kaiser Foundation Health Plan, Inc.

//

//

ANSWER TO COMPLAINT

Exhibit F at 2

FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

5.      Each cause of action of the Complaint is barred or limited by the applicable statute of limitations, including but not limited to, sections 333.1, 337, 337a, 338, 339, 340,  340.5, 343, and 364, Cal. Code Civ. Pro.

SIXTH AFFIRMATIVE DEFENSE

(Cooperation)

6.      Each cause of action asserted in the Complaint is barred by plaintiff's failure to cooperate with defendants with respect to the performance of any obligations under the applicable membership agreement.

SEVENTH AFFIRMATIVE DEFENSE

(Mitigation)

7.      Each cause of action of the Complaint is barred or limited by plaintiff's failure to exercise reasonable diligence in mitigating his alleged damages.

EIGHTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

8.      Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds to the extent they are based on an alleged oral or implied contract or promise.

NINTH AFFIRMATIVE DEFENSE

(Express and Implied Consent)

9.      All care, treatment and procedures rendered to and performed upon plaintiff was done with the express and implied consent of the plaintiff.

TENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

10.      Any injury, loss or damage purportedly sustained by plaintiff, if any at all, was directly and proximately caused and contributed to by risks which were fully and actually known to plaintiff, who fully and actually appreciated the nature and scope of the hazards created thereby, and plaintiff voluntarily assumed those risks and the potential consequences

3

ANSWER TO COMPLAINT

Exhibit F at 3

1  thereof.

2  ELEVENTH AFFIRMATIVE DEFENSE

3  (Intervening Cause)

4  11.    The incidents described in the Complaint, as well as the injuries, losses

5  and damages allegedly sustained by plaintiff, were proximately caused by intervening and

6  superseding causes and forces which were beyond the control of these answering defendants and

7  which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen

8  by these answering defendants.

9  TWELFTH AFFIRMATIVE DEFENSE

10  (Damage Caused By Third Parties)

11  12.    Any damages and injuries alleged by plaintiff are the direct and proximate

12  result of the independent negligence and unlawful conduct of independent third parties, or their

13  agents or employees, and not any act or omission on the part of defendants.

14  THIRTEENTH AFFIRMATIVE DEFENSE

15  (Civil Code Section 3333.2)

16  13.    Any recovery by plaintiff is limited by the provisions of section 3333.2,

17  Civil Code.

18  FOURTEENTH AFFIRMATIVE DEFENSE

19  (Code Civ. Pro. Section 667.7)

20  14.    Any recovery by plaintiff is controlled by the provisions of section 667.7,

21  Code Civ. Pro.

22  FIFTEENTH AFFIRMATIVE DEFENSE

23  (Collateral Source Rule)

24  15.    Any recovery by plaintiff is limited by the collateral source rule in

25  accordance with section 3333.1, Civil Code.

26  SIXTEENTH AFFIRMATIVE DEFENSE

27  (Code Civ. Pro. Section 667.7)

28  16.    Any recovery by plaintiff is barred or limited by the provisions of section

4

ANSWER TO COMPLAINT

Exhibit F at 4

340.5, Code Civ. Pro.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

17.    Plaintiff is estopped by his conduct and representations from bringing any of their causes of action against defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

18.    By his conduct and representations, plaintiff waived the causes of action alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Parol Evidence Rule)

19.    Each claim is barred, in whole or in part, by the parol evidence rule.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Offset)

20.    If plaintiff is determined to be entitled to recover damages under any cause of action of the Complaint, such damages are subject to being offset and reduced by sums due and owing by plaintiff to the defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Grievance Procedure)

21.    Each cause of action of the Complaint is barred, in whole or in part, because plaintiff has failed to exhaust the applicable grievance / appeal procedures.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Proposition 51)

22.    Each cause of action of the complaint is barred or limited by Proposition 51, Civil Code sections 1431.1 – 1431.5.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Privilege)

23.    Each cause of action of the complaint is barred or limited by the absolute

5

ANSWER TO COMPLAINT

Exhibit F at 5

1  and conditional privileges set forth in section 47, Civil Code, and the associated common law

2  privileges.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

*(Quality Assurance / Peer Review  Privileges)*

5          24.     Each cause of action of the complaint is barred or limited by the

6  privileges, immunities, and limitations of section 1157, Evid. Code, and section 1370, Health &

7  Safety Code.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

*(Laches)*

10          25.     Each cause of action of the complaint is barred or limited by the doctrine

11  of laches.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

*(Unclean Hands)*

14          26.     Each cause of action of the complaint is barred or limited by the doctrine

15  of unclean hands.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

*(Accord and Satisfaction)*

18          27.     Each cause of action of the complaint is barred or limited insofar as an

19  accord and satisfaction forever resolved and discharged defendants' alleged debts or liabilities.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

(MEDICARE PREEMPTION)

22          28.     The Medicare Act's preemption provision, 42 U.S.C. § 1395w-26(b)(3),

23  preempts plaintiff's claims because at all relevant times, plaintiff was enrolled in Kaiser

24  Foundation Health Plan, Inc.'s Senior Advantage Plan, a Medicare Advantage plan, and the

25  alleged state law claims are superceded by the Medicare Act.

26  //

27  //

28  //

ANSWER TO COMPLAINT

Exhibit F at 6

1    TWENTY- NINTH AFFIRMATIVE DEFENSE

2    (FAILURE TO EXHAUST MEDICARE REMEDIES)

3        29.    Plaintiff failed to bring his claims under the Medicare administrative

4    remedial provisions or to bring suit in District Court against the federal government.

5    THIRTIETH AFFIRMATIVE DEFENSE

6    (Due Process Limitations on Punitive Damages)

7        30.    To the extent that plaintiff seeks punitive or exemplary damages, such

8    claims violate the rights of defendants to protection from excessive fines as provided by the

9    Constitutions of the United States and the State of California, violate defendants' rights to

10    substantive and procedural due process provided by the Constitutions of the United States and

11    the State of California, and/or violate defendants' right to the safeguards provided for under the

12    Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the

13    similar safeguards, including section 7, Article I, of the California Constitution, and, therefore,

14    fail to state causes of action upon which punitive damages can be awarded.

15

16        WHEREFORE, defendants pray for judgment in their favor and against plaintiff on

17    plaintiff's Complaint as follows: 1) For a determination that defendants owe nothing to plaintiff;

18    2) For dismissal of the Complaint with prejudice; 3) For costs; and 4) For such other relief as this

19    Court may deem just and proper.

20

21    Dated: December 5, 2007      WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
                         RONALD R. LAMB

22

23                             KENNEDY P.  RICHARDSON
                         MARION'S INN

24                             MARK PALLEY
                         JORDAN POSAMENTIER

25

26    By _____
                    Jordan Posamentier

27                             Attorneys for Kaiser Foundation Health Plan, Inc.,
                         Kaiser Foundation Hospitals, and

28                             The Permanente Medical Group, Inc.

7

ANSWER TO COMPLAINT

Exhibit F at 7

**PROOF OF SERVICE**

I, the undersigned, state:

I am over the age of eighteen and not a party to this action. My business address is 1611 Telegraph Avenue, Suite 707, Oakland, California 94612-2145, which is located in Alameda County.

On December 6, 2007, I served the attached document(s):

**ANSWER TO COMPLAINT**

___X___ **BY MAIL**. I deposited the above-named document(s) along with a signed copy of this declaration in the mail at my place of business, which is located at 1611 Telegraph Avenue, Suite 707, Oakland, California 94612-2143, Alameda County, in a sealed envelope, with postage fully prepaid, to the address(es) listed below.

_____ **BY FED EX**. I deposited the above-named document(s) along with a signed copy of this declaration in a sealed envelope, with delivery fees paid or provided for, to the address(es) listed below, in a box or other facility regularly maintained by FedEx to receive documents.

_____ **BY FACSIMILE**. I transmitted the above-named document(s) along with a signed copy of this declaration by fax transmission from a fax machine, whose fax number is 510-451-1711, which is located at my place of business, which is at 1611 Telegraph Avenue, Suite 707, Oakland, California 94612-2143, Alameda County, to the fax number(s) of the recipient(s) listed below.

_____ **BY E-MAIL**. I transmitted the above-named document(s) along with a signed or electronically signed copy of this declaration by e-mail to the e-mail address(es) of the recipient(s) listed below.

Mark G. Crawford/Thomas A. Schultz
LOPEZ, HODES, RESTAINO,
MILMAN, & SEIKOS
625 Market Street, Eleventh Floor
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 6, 2007

Caitlin Thompson

8

ANSWER TO COMPLAINT

Exhibit F at 8

1

**PROOF OF SERVICE**

2        I, the undersigned, state:

3        I am over the age of eighteen and not a party to this action.  My business address is 1611
4  Telegraph Avenue, Suite 707, Oakland, California 94612-2145, which is located in Alameda
   County.

5  On December 6, 2007 I served the attached document(s):

6

7  **NOTICE OF REMOVAL**

8

9        X    **BY MAIL.**  I deposited the above-named document(s) along with a signed copy of this
   declaration in the mail at my place of business, which is located at 1611 Telegraph Avenue, Suite
10  707, Oakland, California 94612-2143, Alameda County, in a sealed envelope, with postage fully
   prepaid, to the address(es) listed below.

11        **BY FED EX.**  I deposited the above-named document(s) along with a signed copy of
   this declaration in a sealed envelope, with delivery fees paid or provided for, to the address(es)
12  listed below, in a box or other facility regularly maintained by FedEx to receive documents.

13        **BY FACSIMILE.**  I transmitted the above-named document(s) along with a signed
   copy of this declaration by fax transmission from a fax machine, whose fax number is 510-451-
14  1711, which is located at my place of business, which is at 1611 Telegraph Avenue, Suite 707,
15  Oakland, California 94612-2143, Alameda County, to the fax number(s) of the recipient(s) listed
   below.

16        **BY E-MAIL.**  I transmitted the above-named document(s) along with a signed or
17  electronically signed copy of this declaration by e-mail to the e-mail address(es) of the
   recipient(s) listed below.

18

19  Mark G. Crawford/Thomas A. Schultz
   LOPEZ, HODES, RESTAINO,
20  MILMAN, & SEIKOS
   625 Market Street, Eleventh Floor
21  San Francisco, CA 94105

22        I declare under penalty of perjury under the laws of the State of California that the
23  foregoing is true and correct.

24  Dated: December 6, 2007
25                                                    Caitlin Thompson

26

27

28

NOTICE OF REMOVAL
No. Dist. Cal. No. _____                                              6