RONALD R. LAMB, Cal. Bar No. 99396
WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
Twenty-Second Floor
400 Capitol Mall
Sacramento, CA 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664
E-mail: rlamb@wilkefleury.com

KENNEDY P. RICHARDSON, Cal. Bar No, 62516
YVONNE M. PIERROU, Cal. Bar No. 166237
JORDAN POSAMENTIER, Cal. Bar No. 246301
MARION'S INN
1611 Telegraph Avenue, Suite 707
Oakland, California 94612-2145
Telephone: (510) 451-6770
Facsimile: (510) 451-1711
E-mail: kpr@marionsinn.com
E-mail: ymp@marionsinn.com
E-mail: jop@marionsinn.com

Attorneys for Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MCCONNELL,<br><br>Plaintiff,<br><br>v.<br><br>THE PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HOSPITALS; KAISER FOUNDATION HEALTH PLAN; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C07-06203 SC<br><br>DEFENDANTS' NOTICE OF MOTION & MOTION TO COMPEL PLAINTIFF TO ARBITRATION<br><br>Accompanying documents: Memorandum of Points & Authorities; Declarations of James H. Simpson Iii, Michael P. Fletcher, Katherine Dean, and Jordan Posamentier.<br><br>Time: 10:00 a.m.<br>Date: May 9, 2008<br>Court: 1<br>Judge: Hon. Samuel Conti |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendants Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc., and Kaiser Foundation Hospitals will on May 9 at 10:00 a.m. in Courtroom 1, located at 450 Golden Gate Ave., San Francisco, CA 94102 move this Court to compel arbitration of all of plaintiff's claims and to stay this action pending arbitration.

The motion to compel arbitration is made under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, on the grounds that the arbitration provision in plaintiff's membership agreement is governed by the FAA, that the parties have agreed to submit their claims to final and binding arbitration, that plaintiff has refused to arbitrate this dispute, and that the right to compel arbitration has not been waived. The motion to stay the litigation pending arbitration is made under 9 U.S.C. § 3 on the ground that the entire lawsuit is subject to arbitration, and the entire action should be stayed pending the arbitration.

The motion is based on this notice, the following memorandum of points and authorities, the accompanying declarations of James H. Simpson, III, Michael P. Fletcher, Katherine Dean, and Jordan Posamentier, the files and records of this action, and such arguments and evidence as may be presented at the hearing of this matter.

Dated: March 6, 2008

RONALD R. LAMB
WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP

KENNEDY P. RICHARDSON
YVONNE M. PIERROU
JORDAN POSAMENTIER
MARION'S INN

By s/s Jordan Posamentier

Jordan Posamentier

Attorneys for Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc., and Kaiser Foundation Hospitals

## TABLE OF CONTENTS

NOTICE OF MOTION . . . . . . . . . . . . i

I. INTRODUCTION . . . . . . . . . . . . 1

II. STATEMENT OF FACTS . . . . . . . . . . . . 2

A. The Membership Agreement . . . . . . . . . . . . 2

B. The Arbitration Provision . . . . . . . . . . . . 3

C. Plaintiff's Claims . . . . . . . . . . . . 4

D. Plaintiff's Refusal to Arbitrate . . . . . . . . . . . . 5

III. JURISDICTION, PROCEDURAL BASIS AND GOVERNING STANDARDS . . . . . . 5

A. Applicability of the Federal Arbitration Act . . . . . . . . . . . . 5

B. The FAA Authorizes the Present Motion . . . . . . . . . . . . 6

C. The Arbitration Provision is a Legally Enforceable Agreement That Comports With Both Federal and State Policy . . . . . . . . . . . . 6

IV. THE MEDICARE ACT PREEMPTS ANY STATE LAW THAT AFFECTS ARBITRATION . . . . . . . . . . . . 7

V. THE BROAD SCOPE OF THE ARBITRATION PROVISION ENCOMPASSES PLAINTIFF'S CLAIMS . . . . . . . . . . . . 9

VI. KAISER HAS NOT WAIVED ITS RIGHT TO COMPEL ARBITRATION . . . . . . . . 11

VII. THE COURT SHOULD STAY THIS ACTION PENDING ARBITRATION . . . . . . . 11

VIII. CONCLUSION . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES**

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Arriaga v. Cross Country Bank*, 163 F.Supp.2d 1189 (S.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . 11

*Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . 11

*Broughton v. Cigna Healthplans*, 21 Cal.4th 1066 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*California Ass'n of Health Plans v. Zingale*, 2001 U.S. LEXIS 21497 (C.D. Cal. 2001) . . . . . . . 8

*Coast Plaza Doctors Hosp. v. Blue Cross*, 83 Cal.App.4th 677 (2000) . . . . . . . . . . . . . . . . . . . 11

*Clay, et al. v. The Permanente Medical Group, Inc., et al.*, No. 3:06-cv-07926-SC (N.D. Cal [Dec. 14, 2007]). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal.4th 303 (2003) . . . . . . . . . . . . . . . . . . . . . 10,11

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Doctor's Assocs. v. Casarotto*, 517 U.S. 681 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ericksen, Arbuthnot, etc. v. 100 Oak Street*, 35 Cal.3d 312 (1983) . . . . . . . . . . . . . . . . . . . . . 6,10

*Gilmer v/ Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 11

*Izzy v. Mesquite Country Club*, 186 Cal.App.3d 1309 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Madden v. Kaiser Foundation Hospitals*, 17 Cal.3d 699 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) . . . . . . . . . . 6,9

*Moncharsh v. Heily & Blase*, 3 Cal.4th 1, 9 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1 (1983) . . . . . . . . . 6,10

*Mourhit Drissi, et al. v. Kaiser Foundation Hospitals, Inc., et al.*, No. 3:07-cv-1980-SC (N.D. Cal [Jan. 3, 2008]) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Prima Pain Corp v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) . . . . . . . . . . . . . . . . . . . . . 5

*Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989)) . . . . . . . . . . . . 6

*Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987) . . . . . . . . . . . . . . . . . . . . . 9

*Southland Corp. v. Keating*, 465 U.S. 1 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*Stuart v. Household Retail Servs.*, 2000 U.S. Dist. LEXIS 22509 (C.D. Cal. Dec. 14, 2000) . . 10

*Tate v. Saratoga Sav. & Loan Ass'n*, 216 Cal.App.3d 843 (1989) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Titolo v. Cano*, 2007 DJDAR 17548 (11/28/07) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Toledo v. Kaiser Permanente Med. Group*, 987 F.Supp. 1174 (N.D. Cal. 1997) . . . . . . . . . . . . . 5

*Uhm v. Humana, Inc.*, 2006 U.S. Dist. LEXIS 41185 (W.D. Wa. June 5, 2006) . . . . . . . . . . . . . 9

**STATUTES and REGULATIONS**

California

**Business and Professions Code**

§ 17200, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4,10

§ 17500, *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4

**Code of Civil Procedure**

§ 1280 *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

§ 1750, *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Health & Safety Code**

§ 1340, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 1363.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal

**Medicare Act**

42 U.S.C. § 1395, *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1395w-26(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 1395w-26(b)(3)(B)(i-iv) (2000 amendments). . . . . . . . . . . . . . . . . . . . . . . . 8

**Federal Arbitration Act**

9 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9 U.S.C. § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,11

69 Fed. Reg. 46866, 46904. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

70 Federal Register 4588, 4664 (1/28/05) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**DECLARATIONS**

James H. Simpson, III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Michael P. Fletcher . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Exhibit A - Annual Notice of Change for 2004. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Exhibit B - 2004 EOC for Individually Enrolled Senior Advantage Members . . . .

Exhibit C - 2005 EOC for Individually Enrolled Senior Advantage Members . . .

Exhibit D - Arbitration Provision from the 2006 EOC for Individually Enrolled Senior Advantage Members . . . . . . . . . . . . . . . .

Exhibit E - 2007 EOC for Individually Enrolled Senior Advantage Members . . . .

Katherine Dean . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Exhibit F - Signed Enrollment Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Exhibit G - Exemplar Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Jordan Posamentier . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Exhibit H - Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Timothy McConnell has sued Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., and Kaiser Foundation Health Plan, Inc. (“Health Plan”) (collectively "Kaiser" or "defendants") alleging breach of contract and tortious breach of the implied covenant of good faith and fair dealing; violation of California’s Business & Professions Code sections 17200 *et seq.* and 17500 *et seq*; and various tort claims arising from allegedly wrongful conduct in administering plaintiff’s health care coverage in procuring a pancreas transplant and caring for plaintiff’s kidney transplant. Defendants now move for an order compelling arbitration of plaintiff’s claims in this action.

Plaintiff filed his lawsuit in the Alameda County Superior Court, and defendants removed the action to this Court on the basis of Medicare Act preemption. Plaintiff was a Medicare beneficiary enrolled as a member of Health Plan under a Medicare Advantage agreement entered into between Health Plan and the U.S. Department of Health and Human Services. The Health Plan membership agreement under which plaintiff was enrolled contains an arbitration provision requiring that all of plaintiff’s claims be submitted to binding arbitration. Specifically, the arbitration provision requires plaintiff to arbitrate any claim arising from or relating to "an alleged violation of any duty incident to or arising out of or relating to this *Agreement* . . . irrespective of the legal theories upon which the claim is asserted." All of plaintiff’s claims are well within the scope of this provision.

//

//

//

//

//

//

## II. STATEMENT OF FACTS

### A. The Membership Agreement

Health Plan is a non-profit California public benefit corporation and a licensed health care service plan under the Knox-Keene Health Care Service Plan Act of 1975 ("Knox-Keene Act"), Cal. Health & Safety Code, § 1340 *et seq*. Health Plan arranges for the provision of health care services to its subscribers and their dependents in accordance with the terms of written medical and hospital service agreements entered into between Health Plan and the subscribers, their employers, and other organizations. Pursuant to contracts with Health Plan, The Permanente Medical Group, Inc. and Kaiser Foundation Hospitals provide, respectively, professional medical and hospital services to Health Plan members. Simpson Decl. ¶¶ 1-3.

During the time period at issue, plaintiff was enrolled in Health Plan's managed care health plan for Medicare beneficiaries. Dean Decl. ¶ 4. In 1994, Health Plan entered into a contract with the Health Care Financing Administration ("HCFA"), now the Centers for Medicare & Medicaid Services ("CMS"), the administrative unit within the U.S. Department of Health and Human Services which is primarily responsible for administering the federal Medicare program. The contract has been renewed every year and is still in effect. This contract is now commonly referred to as a Medicare Advantage ("MA") Contract. In general, the MA Contract requires Health Plan to arrange for medical and hospital services for Medicare beneficiaries who enroll under the contract in exchange for fixed periodic fees that CMS pays per each enrollee plus co-payments that enrolled beneficiaries pay. The Medicare coverage plan that Health Plan offers pursuant to the MA Contract is called the Kaiser Permanente Senior Advantage program. The Senior Advantage membership agreement (also called the "Evidence of Coverage" or "EOC") expressly incorporates Health Plan's contract with CMS. Fletcher Decl. ¶¶ 1-5.

//

//

//

B. The Arbitration Provision

The arbitration provision in the 2004 membership agreement applicable to plaintiff provides in pertinent part:

> "**Binding Arbitration**
>
> For all claims subject to this "Binding Arbitration" section, both Claimants and Respondents give up the right to a jury or court trial, and accept the use of binding arbitration. Insofar as this "Binding Arbitration" section applies to claims asserted by Kaiser Permanente Parties, it shall apply retroactively to all unresolved claims that accrued before the effective date of this *Agreement*. Such retroactive application shall be binding only on the Kaiser Permanente Parties.
>
> ***Scope of Arbitration***
> Any dispute shall be submitted to binding arbitration if all of the following requirements are met:
>
> 1. The claim arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this *Agreement* or a Member Party's relationship to Kaiser Foundation Health Plan, Inc. (Health Plan), including any claim for medical or hospital malpractice, for premises liability, or relating to the coverage for, or delivery of, Services, irrespective of the legal theories upon which the claim is asserted.
> 2. The claim is asserted by one or more Member Parties against one or more Kaiser Permanente Parties or by one or more Kaiser Permanente Parties against one or more Member Parties.
> 3. The claim is *not* within the jurisdiction of the Small Claims Court
>
> * * *
>
> As referred to in this "Binding Arbitration" section,
>
> 1. "Member Parties" include:
>    a. A Member,
>    b. A Member's heir or personal representative, or
>    c. Any person claiming that a duty to him or her arises from a Member's relationship to one or more Kaiser Permanente Parties.
> 2. "Kaiser Permanente Parties" include:
>    a. Kaiser Foundation Health Plan, Inc. (Health Plan),
>    b. Kaiser Foundation Hospitals (KFH),
>    c. The Permanente Medical Group, Inc. (TPMG),
>
> * * *
>
> 3. "Claimant" refers to a Member Party or a Kaiser Permanente Party who asserts a claim as described above.
> 4. "Respondent" refers to a Member Party or a Kaiser Permanente Party against whom a claim is asserted." Fletcher Decl. Ex. B, p. 53-54.[1]

[1] The 2005-2007 Senior Advantage Agreements contain similar arbitration provisions. Fletcher Decl. Exs. C-E.

Plaintiff expressly acknowledged his awareness of the arbitration provision when he enrolled in Health Plan's Senior Advantage program. He signed a Senior Advantage Election Form in March 1996 and has been continuously enrolled up to the present date. The form contained an arbitration notice directly above his signature, which provided:

> "I hereby apply for Health Plan membership. I agree to abide by the provision of the Service Agreement and Health Plan policies. I understand that, except for small claims court cases, any claim that I, my heirs, or other claimants associated with me, assert for medical or hospital malpractice, or premises liability must be decided by binding arbitration under California law and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. I/we are therefore giving up our right to a jury trial and are accepting the use of binding arbitration." Dean Decl. Ex. F.

Print on Exhibit F has been reduced and distorted due to scanning and photocopying of the original. Although Health Plan has been unable to locate an undistorted, blank exemplar of the exact form that plaintiff signed, Exhibit G is a blank exemplar of a similar Election Form. Dean Decl. ¶ 3, Ex. G. Health Plan also gave notice of the arbitration provision by delivering or mailing copies of the Evidence of Coverage to plaintiff at the time of his enrollment and every year thereafter. Fletcher Decl. ¶ 6, Exs. A-E.

C. Plaintiff's Claims

Plaintiff alleges that he was a Health Plan member entitled to coverage related to pancreas and kidney transplant care. Complaint, Attachment 1 to Complaint of Timothy McConnell, at 1. He claims that defendants failed to obtain a pancreas transplant for him and failed to administer appropriate antirejection drugs for his transplanted kidney. *Id.*

On the basis of these allegations, plaintiff alleges negligence (first cause of action); fraud, deceit and fraudulent concealment (second cause of action); fraud and negligence *per se* (third cause of action); intentional infliction of emotional distress (fourth cause of action); violation of California's Business & Professions Code sections 17200 *et seq.* and 17500 *et seq.* (fifth cause of action); and breach of contract and tortious breach of the implied covenant of good faith and fair dealing (sixth cause of action). *Id*. at 1-2. Plaintiff seeks compensatory and punitive damages

and equitable and injunctive relief. Complaint, ¶ 11.

D. Plaintiff's Refusal to Arbitrate

Although defendants' counsel has requested that plaintiff submit his claims to arbitration, plaintiff's counsel has not agreed to do so. Posamentier Decl. ¶ 3.

## III. JURISDICTION, PROCEDURAL BASIS AND GOVERNING STANDARDS

A. Applicability of the Federal Arbitration Act

Section 2 of the Federal Arbitration Act ("FAA") mandates enforcement of arbitration provisions in any "contract evidencing a transaction involving commerce . . . ." 9 U.S.C. § 2. This "commerce" test is construed broadly. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401-02 & 401 n.7 (1967) (consulting agreement for sale of business evidences transaction "involving commerce"). So long as the contract has *any effect* on commerce, the contract "evidences a transaction involving commerce" for purposes of Section 2. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 841 (1995). Even an arbitration provision in a termite inspection contract performed entirely within a state was governed by the FAA because materials and supplies were purchased out of state. *Id.* at 837, 843.

The Northern District has held that the Kaiser Health Plan membership agreement "evidences a number of links to interstate commerce sufficient to invoke the application of the FAA." *Toledo v. Kaiser Permanente Med. Group*, 987 F.Supp. 1174, 1180 (N.D. Cal. 1997). For example, the Emergency Care section of the agreement provides that members are covered for "Emergency Care from Plan Providers and Non-Plan Providers anywhere in the world." Fletcher Decl. ¶6 Exhs. B at 19; Simpson Decl. ¶ 5. The agreement is therefore well within the jurisdictional reach of the FAA.

//

//

//

B. The FAA Authorizes the Present Motion

Section 3 of the FAA, 9 U.S.C. §3, requires the Court to stay a court action pending arbitration if the claims asserted in the action are referable to arbitration under a written agreement between the parties. If necessary, the Court may also enter an order "directing that the arbitration proceed in the manner provided" in the arbitration agreement.

C. The Arbitration Provision Is a Legally Enforceable Agreement That Comports with Both Federal and State Policy

The FAA "manifest[s] a 'liberal federal policy favoring arbitration agreements.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (quotation omitted). In keeping with this congressional policy, the Supreme Court has repeatedly admonished that all doubts regarding the enforceability of an arbitration agreement must be resolved in favor of arbitration. *E.g.*, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

The Supreme Court has endorsed these policies in an expanding line of cases that find an increasing variety of claims, statutory and otherwise, arbitrable. *E.g.*, *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989) (securities claims).[2/] So long as the dispute is subject to the FAA, the FAA's pro-arbitration standards preempt any contrary state law rules. *E.g.*, *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 116 S.Ct. 1652, 1656 (1996); *Southland Corp. v. Keating*, 465 U.S. 1, 13 (1984).

In addition, the California Supreme Court has specifically held that Kaiser's arbitration provision is enforceable. *Madden v. Kaiser Foundation Hospitals*, 17 Cal.3d 699 (1976). The

[2] Kaiser's right to arbitration is also protected by California law. By enacting the California Arbitration Act, Cal. Code Civ. Pro. §§ 1280, *et seq.*, the Legislature "expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.'" *Moncharsh v. Heily & Blase*, 3 Cal.4th 1, 9 (1992) (quoting *Ericksen, Arbuthnot, etc. v. 100 Oak Street*, 35 Cal.3d 312, 322 (1983)).

provision comports with California's public policy in favor of private arbitration and is not an unenforceable contract of adhesion. *Id*. at 710-12. It does not alter the parties' substantive rights, but simply changes the forum for decision:

> "The arbitration [provision] . . . bears equally on Kaiser and the members. It does not detract from Kaiser's duty to use reasonable care in treating patients, nor limit its liability for breach of their duty, *but merely substitutes one forum for another*." *Id*. at 711 (emphasis added).

## IV. THE MEDICARE ACT PREEMPTS ANY STATE LAW THAT AFFECTS ARBITRATION

The Medicare Act, as amended in 2003, contains an express preemption provision which preempts any state law or regulation with respect to an MA plan except for state licensing laws or state laws relating to plan solvency. 42 U.S.C. § 1395w-26(b)(3). Specifically the provision provides:

> "Relation to state laws.–The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part."

As explained above, the agreement under which plaintiff was enrolled as a Health Plan member was an MA plan. *See* Fletcher Decl. ¶¶ 5 & 6, Exh. B. Therefore, with narrow exception,[3/] the Medicare Act preempts any state law that purports to limit or otherwise affect the arbitration provision or the other terms of the Senior Advantage plan.

The Medicare preemption statute quoted above was enacted as part of the Medicare Advantage Amendments ("MAA") of Public Law 108-173. The amended statute significantly broadened the scope of federal preemption of state law. Previously, the express preemption provision applied to a finite list of items, namely benefit requirements, requirements relating to

---

[3] State licensing laws are narrowly construed to mean requirements for becoming state licensed rather than any requirement a state might impose on a licensed health plan. Final Rule, 70 Fed. Reg. 4588, 4664 (1/28/05) & Proposed Rule; 69 Fed. Reg. 46866, 46904. Req for Jud. Not. Ex. ¶ 1 at 2.

inclusion or treatment of providers, coverage determinations, and requirements relating to marketing materials and summaries and schedules of benefits relating to MA plans. 42 U.S.C. § 1395w-26(b)(3)(B)(i-iv) (2000 amendments). The MAA broadened the scope by eliminating the listed items and stating generally that the Medicare Advantage standards supersede state law as a whole with the exception of licensing laws and laws relating to plan solvency.

The intended effect of the MAA amendment is clearly stated in the House Conference Report that accompanied the bill:

"Present Law

> Medicare law currently preempts state law or regulation from applying to M+C Plans to the extent they are inconsistent with federal requirements imposed on M+C plans, and specifically, relating to benefit requirements, the inclusion or treatment of providers and coverage determinations (including appeals and grievance processes).
>
> *House Bill*
>
> Section 232. Federal standards established by this legislation would supersede any state law or regulation (other than state licensure laws and state laws relating to plan solvency), with respect to MA plans offered by MA organizations.
>
> * * *
>
> *Conference Agreement*
>
> Section 232. The conference agreement clarifies that the MA program is a federal program operated under Federal rules. State laws, do not, and should not apply, with the exception of state licensing laws or state laws related to plan solvency. There has been some confusion in recent court cases. This provision would apply prospectively; thus, it would not affect previous and ongoing litigation." Req. for Jud. Notice, Ex. 1 at 2. 556-57.

The courts have reached the same conclusion. This Court reached this conclusion in *Deborah Clay, et al. v. The Permanente Medical Group, Inc., et al.*, United States District Court Northern District of California No. 3:06-cv-07926-SC and *Mourhit Drissi, et al. v. Kaiser Foundation Hospitals, Inc., et al.*, United States District Court Northern District of California No. 3:07-cv-1980-SC. This Court expressly held that the Medicare Act preempts section 1363.1. Likewise, the Central District in *California Association of Health Plans v. Zingale*, 2001 U.S. LEXIS 21497 (C.D. Cal. 2001) expressly held that state standards relating to marketing materials for Medicare+Choice plans, now Medicare Advantage, are specifically preempted by the

Medicare Act. *See also*, *Uhm v. Humana, Inc.*, 2006 U.S. Dist. LEXIS 41185 (W.D. Wa. June 5, 2006) (granting defendants' motion to dismiss based on preemption because the plaintiffs' claims all pertained to the subjects of plan marketing, coverage determinations, and coverage grievances that were addressed by the Medicare standards for prescription drug plans).

## V. THE BROAD SCOPE OF THE ARBITRATION PROVISION ENCOMPASSES PLAINTIFF'S CLAIMS

The arbitration provision requires the arbitration of any claim that "arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this *Agreement* or a Member Party's relationship to [Health Plan], . . . irrespective of the legal theories upon which the claim is asserted." Fletcher Decl. Ex. A, p. 53. The arbitration provision does not distinguish between common law and statutory claims. Rather, the arbitration provision encompasses any claim so long as the claim is related to the contractual relations created by the membership agreement. A contract that requires arbitration of "any controversy" related to the contract is:

> "'sufficiently broad to include tort, as well as contractual, liabilities so long as the tort claims "have their roots in the relationship between the parties which was created by the contract."'" *Tate v. Saratoga Sav. & Loan Ass'n*, 216 Cal.App.3d 843, 855 (1989) (quotations omitted).

Under the FAA, the U.S. Supreme Court has held that virtually every statutory and tort claim is arbitrable under a broadly worded arbitration provision. *E.g.*, *Gilmer*, 500 U.S. at 35 (age discrimination claim); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987) (RICO claims); *Mitsubishi*, 473 U.S. at 626 (antitrust claims). For example, in *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.7 (1984), the Supreme Court held that an arbitration clause covering "any controversy or claim arising out of or relating to this Agreement" required arbitration of franchisees' claims of fraud, breach of fiduciary duty and violation of California's Franchise Investment statute.

//

//

A basic corollary of the liberal construction rule is that:

> "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25.

An unopposed line of California precedents also supports the rule. *E.g.*, *Ericksen*, 35 Cal.3d at 323-324 (clause requiring arbitration of "any dispute" arising under a lease covered claims of fraud that arose from contract dispute); *Izzy v. Mesquite Country Club*, 186 Cal.App.3d 1309, 1315-16 (1986) (provision requiring arbitration of "any action . . . in connection with" the agreement covered fraud); *Titolo v. Cano*, 2007 DJDAR 17548 (Nov. 20, 2007) (provision requiring arbitration of "any dispute as to medical malpractice" covers claims of breach of fiduciary duty, violation of privacy rights, intentional interference with prospective economic advantage, and negligence based on physician's allegedly improper communication of patient's medical records and information to patient's disability insurer).

Plaintiff's claims and legal theories are arbitrable because they "have their roots in the relationship between the parties" that was created by the membership agreement. Plaintiff sought medical care under the agreement. The complaint alleges that Kaiser breached duties related to its obligations under the agreement to provide plaintiff with medical care, specifically services related to organ transplants. Thus, plaintiff's claims, which are based on and indisputably related to the membership agreement and his relationship to Health Plan, must be submitted to arbitration.

The California Supreme Court concluded that an individual plaintiff's claim for actual damages under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*. is subject to arbitration but a claim for a statutory injunction designed to protect the public at large is not. *Broughton v. Cigna Healthplans*, 21 Cal.4th 1066 (1999). The California Supreme Court extended this decision to claims under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. in *Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal.4th 303, 307 & 317-18 (2003). However, various federal courts have declined to follow the California Supreme Court on this issue. *See e.g.*, *Stuart v. Household Retail Servs.*, 2000 U.S. Dist. LEXIS 22509, *17-*18

(C.D. Cal. Dec. 14, 2000) (holding that injunctive relief claims are not inherently inconsistent with or exempt from arbitration under the FAA despite California statutes which read to the contrary); *Arriaga v. Cross Country Bank*, 163 F.Supp.2d 1189, 1196-97 (S.D. Cal. 2001) (holding that only Congress, pursuant to the Supremacy Clause, may determine which claims may be exempt from arbitration under the FAA, thus preempting California state law which would otherwise have exempted public injunction claims, and rejecting the holding in *Broughton*), *overruled on other grounds by Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003). Because the Membership Agreement is subject to the FAA, as previously explained, the plaintiff's injunctive relief claims should be compelled to arbitration with all the other claims.

## VI. KAISER HAS NOT WAIVED ITS RIGHT TO COMPEL ARBITRATION

Under the FAA, a party who seeks to avoid arbitration on the ground of waiver bears the heavy burden of presenting unequivocal proof that the moving party intended to abandon its right to arbitrate. *E.g., Britton v. Co-Op Banking Group,* 916 F.2d 1405, 1412 (9th Cir. 1990). Plaintiff has not, and cannot, claim waiver. Kaiser has never taken any action inconsistent with the arbitration provision.

## VII. THE COURT SHOULD STAY THIS ACTION PENDING ARBITRATION

Under the FAA, if the Court is satisfied that an issue is referable to arbitration, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had . . ." 9 U.S.C. § 3. Thus, the Court should stay this action pending arbitration. If the Court determines that the statutory injunction claim is not arbitrable, the Court should stay that claim pending the outcome of the arbitration. This was the California Supreme Court's conclusion in *Cruz,* 30 Cal.4th at 320. *See also, Coast Plaza Doctors Hosp. v. Blue Cross,* 83 Cal.App.4th 677, 693 (2000).

//

**VII. CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their motion to compel arbitration and stay the action pending that arbitration.

Respectfully submitted,

Dated: March 6, 2008

RONALD R. LAMB
WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP

KENNEDY P. RICHARDSON
YVONNE M. PIERROU
JORDAN POSAMENTIER
MARION'S INN

By /s/ Jordan Posamentier

Jordan Posamentier

Attorneys for Kaiser Foundation Health Plan, Inc., The Permanente Medical Group, Inc., and Kaiser Foundation Hospitals