# RULES FOR KAISER PERMANENTE MEMBER ARBITRATIONS

### ADMINISTERED BY

### THE OFFICE OF THE INDEPENDENT ADMINISTRATOR

### AMENDED AS OF JANUARY 1, 2007

# TABLE OF CONTENTS

**A.    GENERAL RULES** ......................................................... 1

    1.    **Goal** ................................................................. 1

    2.    **Administration of Arbitration** ...................................... 1

    3.    **Confidentiality** .................................................... 1

    4.    **Code of Ethics** .................................................... 1

    5.    **Meaning of Arbitrator** ............................................. 1

    6.    **Authority of Arbitrators** ........................................... 1

    7.    **Contents of the Demand for Arbitration** ............................. 1

    8.    **Serving Demand for Arbitration** .................................... 2

    9.    **Serving Other Documents** ......................................... 2

    10.    **Representation** .................................................... 3

**B.    RULES ON COMMENCEMENT OF ARBITRATION AND SELECTION OF ARBITRATORS** .......................................................... 3

    11.    **Initiation of Arbitration** ............................................ 3

    12.    **Filing Fee** ......................................................... 3

    13.    **Waiver of Filing and Neutral Arbitrator Fees** ........................ 4

    14.    **Number of Arbitrators** ............................................. 4

    15.    **Payment of Neutral Arbitrator Fees and Expenses** ................... 5

    16.    **List of Possible Arbitrators** ........................................ 5

    17.    **Joint Selection of the Neutral Arbitrator** ............................ 6

    18.    **Selection of the Neutral Arbitrator When the Parties Do Not Agree** ...... 6

    19.    **Acceptance by the Neutral Arbitrator** ............................... 7

    20.    **Disclosure and Challenge** ......................................... 8

    21.    **Postponement of Selection of Neutral Arbitrator** ..................... 8

    22.    **Selection of the Party Arbitrator** ................................... 8

    23.    **Appointment of Chairperson** ....................................... 9

**C.    RULES FOR REGULAR PROCEDURES** .................................... 9

    24.    **Deadline for Disposing of Arbitrations** .............................. 9

    25.    **Arbitration Management Conference** ................................ 10

Exhibit H at 2

26.   **Mandatory Settlement Meeting** ........................................... 11

27.   **Discovery** ............................................................... 11

28.   **Postponements** .......................................................... 12

29.   **Failure to Appear** ....................................................... 12

30.   **Securing Witnesses for the Arbitration Hearing** ......................... 13

31.   **Close of Hearing or Proceeding** ........................................ 13

32.   **Documents** .............................................................. 13

**D.   RULES FOR EXPEDITED PROCEDURES** ...................................... 13

33.   **Expedited Procedures** ................................................... 13

34.   **Seeking Expedited Procedures from the Independent Administrator** .... 14

35.   **Seeking Expedited Procedures from the Neutral Arbitrator** ............. 14

36.   **Telephonic Notice** ...................................................... 14

**E.   RULES ON AWARD AND ENFORCEMENT** ..................................... 15

37.   **Time of Award** .......................................................... 15

38.   **Form of Award** .......................................................... 15

39.   **Delivery of the Award** ................................................... 15

40.   **Notice after Settlement or Withdrawal** ................................. 15

41.   **Sanctions** .............................................................. 16

42.   **Release of Documents for Judicial Proceedings** ........................ 16

**F.   RULES OF ADMINISTRATION** ............................................... 16

43.   **Counting of Days** ....................................................... 16

44.   **No Limit on Immunity** ................................................... 16

45.   **Neutral Arbitrator Fees** ................................................. 16

46.   **Expenses** ............................................................... 17

47.   **Forms** .................................................................. 17

48.   **Questionnaire** .......................................................... 17

49.   **Evaluation** ............................................................. 17

50.   **Amendment of Rules** .................................................... 17

51.   **Conflict with Law** ....................................................... 18

-ii-

52.   **Acknowledgment of No Warranty** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

53.   **Public Reporting** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

54.   **Legal Advice** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Exhibit H at 4

## A. GENERAL RULES

### 1. Goal

These Rules are intended to provide an arbitration process that is fair, timely, lower in cost than litigation, and that protects the privacy interests of all Parties.

### 2. Administration of Arbitration

The arbitrations conducted under these Rules shall be administered by the Office of the Independent Administrator.  Arbitrations conducted under these Rules shall be considered to be consumer arbitrations under California law.

### 3. Confidentiality

Information disclosed to, and documents received by, an Arbitrator or the Independent Administrator by or from the Parties, their representatives, or witnesses in the course of the arbitration shall not be divulged by the Arbitrator or the Independent Administrator.  With respect to the Independent Administrator, this Rule shall not apply to communications concerning Arbitrators, disclosures required by law, or statistical information used in its annual reports.

### 4. Code of Ethics

All Neutral Arbitrators appointed on or after July 1, 2002, shall comply with the Ethics Standards for Neutral Arbitrators in Contractual Arbitration, Division VI of the Appendix to the California Rules of Court ("Ethics Standards.") All other arbitrators shall comply with the AAA Code of Ethics for Arbitrators in Commercial Disputes.

### 5. Meaning of Arbitrator

The term "Arbitrator" in these Rules refers to the arbitration panel, whether composed of one or more Arbitrators or whether the Arbitrators are Neutral or Party.  The term "Party Arbitrator" means an Arbitrator selected by one of the sides to the arbitration.  The term "Neutral Arbitrator" means any Arbitrator other than a "Party Arbitrator."

### 6. Authority of Arbitrators

Once appointed, the Neutral Arbitrator will resolve disputes about the interpretation and applicability of these Rules, including disputes relating to the duties of the Arbitrator and the conduct of the Arbitration Hearing. In cases involving more than one Arbitrator, however, issues that are dispositive with respect to a claim, including summary judgment motions, will be ruled on by all three Arbitrators and decided by a majority of them.  Upon commencement of the Arbitration Hearing and thereafter, all substantive decisions shall be made by a majority of the full panel or as otherwise agreed by them.

### 7. Contents of the Demand for Arbitration

The Demand for Arbitration shall include the basis of the claim against the Respondent(s); the amount of damages the Claimant(s) seeks in the Arbitration; the name, address and telephone number of the Claimant(s) and their attorney, if any; and the name of all Respondent(s).  Claimant(s) shall

1

include all claims against Respondent(s) that are based on the same incident, transaction, or related circumstances in the Demand for Arbitration.

8. **Serving Demand for Arbitration**

a. In Northern California, Kaiser Foundation Health Plan, Inc. ("Health Plan"), Kaiser Foundation Hospitals, and/or The Permanente Medical Group, Inc. shall be served with a Demand for Arbitration by mailing the Demand for Arbitration addressed to that Respondent(s) in care of:

Kaiser Foundation Health Plan, Inc.  or
Legal Department
P.O. Box 12916
Oakland, CA 94604

Kaiser Foundation Health Plan, Inc.
Legal Department
1950 Franklin Street, 17th Floor
Oakland, CA 94612

Service on that Respondent shall be deemed completed when received.

b. In Southern California, Health Plan, Kaiser Foundation Hospitals, and/or Southern California Permanente Medical Group, shall be served with a Demand for Arbitration by mailing the Demand for Arbitration to that Respondent(s) in care of:

Kaiser Foundation Health Plan, Inc.
Legal Department
393 East Walnut Street
Pasadena, CA 91188

Service on that Respondent shall be deemed completed when received.

c. All other Respondent(s), including individuals, must be served as required by the California Code of Civil Procedure for a civil action.

d. All Respondent(s) served with a Demand for Arbitration in the manner described above shall be Parties to the Arbitration.  The Arbitrator shall have jurisdiction only over Respondent(s) actually served.  If Claimant(s) serves any Respondent(s) other than an organization affiliated with Kaiser Permanente, the Claimant(s) shall serve a proof of service of that Respondent(s) on the Independent Administrator.

9. **Serving Other Documents**

a. Service of other documents required by these Rules will be made on the Parties or Arbitrator at their last known address.  If the Party is represented in this arbitration, that counsel shall be served instead of the Party.  Service may be made by personal service, Federal Express or other similar services, facsimile transmission, or by U.S. mail.

b. Parties should only serve the Independent Administrator with those documents specified in these Rules.  Unless otherwise directed by the Neutral Arbitrator, the parties should not serve the Independent Administrator with copies of motions or briefs.  Service for the Independent  Administrator shall be directed to:

2

Office of the Independent Administrator for the
   Kaiser Foundation Health Plan, Inc.
P. O. Box 76587
Los Angeles, California 90076-0587
      or
Office of the Independent Administrator for the
   Kaiser Foundation Health Plan, Inc.
3580 Wilshire Boulevard, Suite 2020
Los Angeles, California 90010
      or
Fax:  213-637-8658.

    c.     If a Party or Arbitrator serves the Independent Administrator by fax, the Party or Arbitrator shall call the Independent Administrator's office at 213-637-9847 to confirm receipt or shall retain confirmation of receipt of the faxed document.

    d.     Service on the Independent Administrator is effective on the date the Independent Administrator receives the document.

**10.    Representation**

Parties represented by counsel shall not contact the Independent Administrator except through counsel.

**B.    RULES ON COMMENCEMENT OF ARBITRATION AND SELECTION OF ARBITRATORS**

**11.    Initiation of Arbitration**

Demands for Arbitration shall be served in accordance with Rule 8.  Whether or not the Claimant(s) has enclosed a filing fee, within ten (10) days of such service upon the Health Plan at the address set forth in Rule 8, Health Plan shall transmit the Demand for Arbitration and the envelope it came in to the Independent  Administrator using the Transmission Form.  If the Claimant(s) submitted a filing fee with the Demand, the Health Plan shall transmit the filing fee as well.  Health Plan shall also serve a copy of the Transmission Form on the Claimant(s).

**12.    Filing Fee**

    a.     Claimant(s) seeking arbitration shall pay a single, non-refundable, filing fee of $150 per arbitration payable to "Arbitration Account" regardless of the number of claims asserted in the Demand for Arbitration or the number of Claimants or Respondents named in the Demand for Arbitration.

    b.     **The Independent Administrator will waive the filing fee for Claimant(s) who submit  forms that show that the Claimants' gross monthly income is less than 300 percent of the federal poverty guidelines.  A copy of this form may be obtained from the Independent Administrator.  Claimants should not serve a copy of this form on Respondent(s).**

    c.     If Claimant(s) wishes to have both the filing fee and the Neutral Arbitrators' fees waived, the Claimant(s) should follow the procedure set out in Rule 13. If Claimant(s) wishes only to avoid paying the fees for the Neutral Arbitrator,

but can afford the filing fee or has received a waiver under 12.b, the Claimant(s) should follow the procedure set out in Rule 15.

d.   If a Claimant(s) fails to pay the filing fee or obtain a waiver of that fee within seventy-five (75) days of the date of the Transmission Form, the Independent Administrator will not process the Demand and it shall be deemed abandoned.

e.   While the filing fee is normally non-refundable, if Claimant(s) has paid the filing fee with the Demand for Arbitration before receiving notice of the opportunity to have it waived, the Independent Administrator will refund the fee if it receives a completed waiver form within seventy-five (75) days of the date of the Transmission Form and grants the waiver.

### 13.    Waiver of Filing and Neutral Arbitrator Fees

Any Claimant(s) who claims extreme hardship may request that the Independent Administrator waive the filing fee and Neutral Arbitrator's fees and expenses.  A Claimant(s) who seeks such a waiver shall complete the Fee Waiver Form and submit it to the Independent Administrator and simultaneously serve it upon Respondent(s).  The Fee Waiver Form sets out the criteria for waiving fees and is available from the Independent Administrator or by calling the Kaiser Permanente Member Service Customer Center at 1-800-464-4000.  Respondent(s) may submit any response to the Independent Administrator within ten (10) days of the date of Claimant's Fee Waiver Form, and shall simultaneously serve any submission upon Claimant(s).  Within fifteen (15) days of receipt of a Fee Waiver Form, the Independent Administrator shall determine whether the fees should be waived and notify the Parties in writing of the decision.  In those cases where the Independent Administrator grants the waiver of fees, the Independent Administrator shall waive the filing fee and Health Plan shall pay the Neutral Arbitrator's fees and expenses.

### 14.    Number of Arbitrators

a.   If the Demand for Arbitration seeks total damages of $200,000 or less, the dispute shall be heard and determined by one Neutral Arbitrator, unless the Parties otherwise agree in writing that the arbitration shall be heard by two Party Arbitrators and a Neutral Arbitrator.  The Arbitrators shall not have authority to award monetary damages that are greater than $200,000.

b.   If the Demand for Arbitration seeks total damages of more than $200,000, the dispute may be heard and determined by one Neutral Arbitrator and two Party Arbitrators, one appointed by the Claimant(s) and one appointed by the Respondent(s).  Parties who are entitled to select a Party Arbitrator under these Rules may agree to waive this right.  If both Parties agree, these arbitrations will be heard by a single Neutral Arbitrator.

c.   A Party who is entitled to a Party Arbitrator and decides to waive this right shall sign a Waiver of Party Arbitrator Form and serve a copy of it upon the Independent Administrator, Neutral Arbitrator, and other Party.  The Claimant(s) shall serve this form on the Neutral Arbitrator and Respondent(s) no later than the date of the Arbitration Management Conference set out in Rule 25 and shall serve the Independent Administrator no later than five (5) days after serving the other Parties.  If a Claimant(s) serves Respondent(s) with a signed Waiver of Party Arbitrator Form, Respondent(s) shall inform Claimant(s) within five (5) days of the date of that Form if Respondent(s) will also waive the Party Arbitrator.

4

d.      The Blue Ribbon Advisory Panel on Kaiser Permanente Arbitration concluded that Party Arbitrators increase the cost and cause more delay than would occur with a single Neutral Arbitrator.  The Independent Administrator therefore encourages Parties to use a single Neutral Arbitrator to decide cases.

e.      The number of Arbitrators may affect the Claimant(s)' responsibility for paying the Neutral Arbitrator's fees and expenses, as set out in Rule 15.

15.     **Payment of Neutral Arbitrator Fees and Expenses**

a.      Respondent shall pay for the fees and expenses incurred by the Neutral Arbitrator if

    i.      Claimant(s) agrees to waive any potential objection arising out of such payment, signs the Waiver of Objection Form, and serves a copy of it on the Independent Administrator and Respondent(s); and

    ii.     either the arbitration has only a single Neutral Arbitrator or the Claimant(s) has served a Waiver of Party Arbitrator Form as set out in Rule 14.c.

b.      In arbitrations where the Independent Administrator has granted Claimant's Fee Waiver request, Respondent shall pay the fees and expenses incurred by the Neutral Arbitrator.

c.      In all other arbitrations, the fees and expenses of the Neutral Arbitrator shall be paid one-half by the Claimant(s) and one-half by the Respondent(s).

d.      Nothing in this Rule shall prohibit an order requiring the payment of the Neutral Arbitrator's fees and expenses which were incurred as a result of conduct which causes the Neutral Arbitrator to incur needless fees and expenses.  Such conduct includes, but is not limited to, failure to respond to discovery requests, abusive discovery practices, the filing of frivolous motions of all sorts, and untimely requests for continuances.  In the event that such a finding is made by the Neutral Arbitrator, those fees and expenses shall be paid by the responsible Party or counsel.  The Neutral Arbitrator shall make such a finding in writing, shall specify what fees and expenses are covered by the order, and shall serve a copy of the finding on the Independent Administrator  with the Parties' names redacted.

16.     **List of Possible Arbitrators**

a.      Within three (3) business days after the Independent Administrator has received both the Demand for Arbitration and the filing fee, or has granted a request for waiver of fees, it shall simultaneously send to each Party an identical List of Possible Arbitrators, along with the Application forms of and redacted Awards, if any, by each of the possible Neutral Arbitrators.

b.      The List of Possible Arbitrators shall contain the names of twelve (12) persons.  The Independent  Administrator will choose the twelve (12) names at random from the Independent  Administrator's arbitration panel for San Diego, Southern or Northern California, based on the location where the cause of action arose.

c.      Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the Parties' responses to the List of Possible Arbitrators on or before the deadline date appearing on the List of Possible Arbitrators. This deadline will be twenty (20) days from the day the Independent Administrator sent the List of Possible Arbitrators. Rules 17 and 18 specify how the Parties may respond.

## 17.     Joint Selection of the Neutral Arbitrator

a.      The Parties may all agree upon a person listed on the List of Possible Arbitrators. If they do, the Parties and counsel shall sign the Joint Selection of Neutral Arbitrator Form. Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the form by the deadline set out in Rule 16.c.

b.      Rather than selecting a Neutral Arbitrator from the List of Possible Arbitrators, the Parties may agree to select another person to serve as Neutral Arbitrator, provided that the person agrees in writing to comply with these Rules. If the Parties collectively select a person not on the List of Possible Arbitrators, all the Parties and counsel shall complete and sign the Joint Selection of Neutral Arbitrator Form. Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the form by the deadline set out in Rule 16.c.

c.      The Independent Administrator encourages Parties, if possible, to make more than one joint selection and requires the Claimant and Respondent to individually submit the List of Possible Arbitrators under Rule 18. If the person the Parties have jointly selected is unable to serve, the Independent Administrator will then first use other joint selection(s). If only one joint Selection was submitted, the Independent Administrator will then use the strike and ranked List(s) of Possible Arbitrators. If no such List was submitted, Rule 18.c shall apply, and the Independent Administrator will randomly select a possible Neutral Arbitrator from the List of Possible Arbitrators.

d.      After the Independent Administrator has received these forms, it will send a Letter Confirming Service to the person who has agreed to act as Neutral Arbitrator, with a copy to the Parties.

## 18.     Selection of the Neutral Arbitrator When the Parties Do Not Agree

a.      If the Parties do not collectively agree upon a Neutral Arbitrator, the Neutral Arbitrator shall be selected from the List of Possible Arbitrators in the following manner. Claimant(s) and Respondent(s) may each strike up to four (4) names to which the Party objects and shall rank the remaining names in order of preference with "1" being the strongest preference. No name should be left blank. Unless there is a ninety (90) day continuance pursuant to Rule 21, the Independent Administrator must receive the forms by the deadline set out in Rule 16.c.

b.      Regardless of the number of Claimants or Respondents, the Claimant(s) shall return only one list of preferences and the Respondent(s) shall return only one list of preferences. If they do not, Rule 18.c will apply.

c.      Unless there is a ninety (90) day continuance pursuant to Rule 21, if the Independent Administrator does not receive a response from a Party by the deadline set out in Rule 16.c, all persons named on the List of Possible

6

Arbitrators shall be deemed equally acceptable Neutral Arbitrators to that Party.

d.    At any time before the Party's response is due, a Party or representative may request to review further information, if any, which the Independent Administrator has in its files about the persons named on the List of Possible Arbitrators.  Parties and their representatives may call the Independent Administrator at 213-637-9847 to request such information.  The Parties and their representatives may review the information by going to the Independent  Administrator's office.  If requested, the Independent Administrator will also send the information to the Party or attorney by mail or fax.  Parties who request that further information be sent to them shall be responsible for the Independent Administrator's cost of providing it, with no charge made for duplication of the first twenty-five (25) pages.  Time spent requesting or waiting for the additional information shall not extend the time to respond to the List of Possible Arbitrators.

e.    Working from the returned Lists of Possible Arbitrators it has timely received, the Independent  Administrator shall invite a person to serve as the Neutral Arbitrator, asking first the person with the lowest combined rank whose name has not been stricken by either Party.  If the person with the lowest combined rank is not available, the Independent  Administrator will ask the second lowest ranked person who was not stricken by either party, and will continue until a person whose name was not stricken agrees to serve.  When the Independent Administrator contacts the persons, it shall inform them of the names of the Parties and their counsel and ask them not to accept if they know of any conflict of interest.  If there is a tie in ranking, the Independent Administrator shall select a person at random from those choices who are tied.

f.    If, for any reason, a Neutral Arbitrator cannot be obtained from the first List of Possible Arbitrators, the Independent  Administrator shall send a second List of Possible Arbitrators to the Parties.  The procedure and timing in that case shall be the same as that for the first List of Possible Arbitrators.  If, for any reason, a Neutral Arbitrator cannot be obtained from the second List of Possible Arbitrators, the Independent  Administrator shall randomly select a Neutral Arbitrator from the other members on the panel who have not been named on either prior List of Possible Arbitrators.

g.    If a Neutral Arbitrator should die, become incapacitated, be disqualified, or otherwise become unable or unwilling to proceed with the arbitration after appointment, the Independent  Administrator shall serve the Parties with a new List of Possible Arbitrators and the selection process as set out in Rules 16 through 18 shall begin again.

**19.    Acceptance by the Neutral Arbitrator**

a.    If a person in the Independent Administrator's pool is appointed as the Neutral Arbitrator in a case and either served a notice saying no further work by the Parties or the attorneys would be accepted during the pendency of the case, or failed to serve any Standard 12(b) disclosure, the person shall be removed from the pool until the case is closed.

b.    When a person agrees to act as a Neutral Arbitrator under Rule 18, the Independent  Administrator shall send the person a copy of these Rules and a Letter Confirming Service.  The Independent Administrator shall also serve the Parties with a copy of the Letter Confirming Service.

7

**20.    Disclosure and Challenge**

a.    The person who has agreed to serve as Neutral Arbitrator shall make disclosures as required by law, including California Code of Civil Procedure Section 1281.9 or its successor statute and the Ethics Standards simultaneously upon the Parties and the Independent Administrator. Party responses, if any, shall be in accordance with the Code, with a copy served to the Independent Administrator. After the time for any response has passed, the Independent Administrator will deem that the Neutral Arbitrator has been appointed if no timely objection is received.

b.    The Neutral Arbitrator shall make all further disclosures as required by law, including California Code of Civil Procedure Section 1281.9 or its successor statute and the Ethics Standards simultaneously upon the Parties and the Independent Administrator. Party responses, if any, shall be in accordance with the code, with a copy served to the Independent Administrator.

**21.    Postponement of Selection of Neutral Arbitrator**

a.    The Claimant(s) may obtain a single postponement of up to ninety (90) days for the appointment of the Neutral Arbitrator if the Independent Administrator receives a written request for postponement on or before the date that the response to the List of the Possible Arbitrators is due under Rule 16. Claimant(s) shall serve a copy of this request for postponement on the Respondent(s). Regardless of the number of Claimants, Claimant(s) is entitled to only a single ninety (90) day postponement of the appointment of the Neutral Arbitrator.

b.    If the Claimant(s) agrees in writing, Respondent(s) may obtain a single ninety (90) day postponement for the appointment of the Neutral Arbitrator. The Independent Administrator must receive this written request for postponement before the date that the response to the List of the Possible Arbitrators is due under Rule 16.c.

c.    There shall be only one postponement whether made by either Claimant(s) or Respondent(s) pursuant to this Rule in any arbitration.

**22.    Selection of the Party Arbitrator**

a.    If the Parties are entitled to a Party Arbitrator and have not waived that right, the Claimant(s) and the Respondent(s) shall each select a Party Arbitrator and notify the Independent Administrator and the Neutral Arbitrator of the Party Arbitrator's name, address, and telephone and fax numbers. Each Party Arbitrator shall sign the Agreement to Serve, and submit it to the Independent Administrator before serving in the arbitration.

b.    If possible, the Parties should select the Party Arbitrators before the Arbitration Management Conference that is set forth in Rule 25. Any Party Arbitrator who is selected after the Arbitration Management Conference shall conform to any arbitration schedule established prior to his or her selection. Notwithstanding any other Rule, if a Party Arbitrator has not been selected, or has not signed the Agreement to serve, or does not attend a hearing, conference or meeting set by the Neutral Arbitrator of which the Party Arbitrator or Party had notice, the remaining Arbitrators may act in the absence of such Party Arbitrator**.**

8

c.      Regardless of the number of Claimants or Respondents, all of the Claimant(s) are entitled to only one Party Arbitrator and all of the Respondent(s) are entitled to only one Party Arbitrator.

d.      No Claimant, Respondent, or attorney may act as Party Arbitrator in an arbitration in which he or she is participating in any other manner.

### 23.    Appointment of Chairperson

In cases involving more than one Arbitrator, the Neutral Arbitrator will chair the arbitration panel.  Absent objection by any Party, the Neutral Arbitrator shall have the authority to decide all discovery and procedural matters, but may not decide dispositive issues without the Party Arbitrators.  Dispositive issues shall be decided by a majority of the Arbitrators.  The Neutral Arbitrator will also set the time and location of hearings and be responsible for submitting all necessary forms to the Independent Administrator.  Upon commencement of the Arbitration Hearing and thereafter, all substantive decisions shall be made by a majority of the Arbitrators or as otherwise agreed by them.

## C.    RULES FOR REGULAR PROCEDURES

### 24.    Deadline for Disposing of Arbitrations

a.      Unless Rule 24.b, 24.c, or 33 applies, the Neutral Arbitrator shall serve an Award on the Parties and the Independent Administrator, or the arbitration shall be otherwise concluded, within eighteen (18) months of the Independent  Administrator receiving the Demand for Arbitration and filing fee or granting the fee waiver.  The Parties and Arbitrator are encouraged to complete the arbitration in less time than the maximums set forth in the Rules, if that is consistent with a just and fair result.

b.      If all of the Parties and their counsel agree that the claim is a complex case and the Neutral Arbitrator agrees,  the Neutral Arbitrator shall serve an Award on the Parties and the Independent Administrator, or the arbitration shall be otherwise concluded, within twenty-four (24) to thirty (30) months of the Independent  Administrator receiving the Demand for Arbitration and filing fee or granting the fee waiver.  The Parties, counsel, and the Neutral Arbitrator shall sign and serve the Designation of Complex Arbitration Form upon the Independent Administrator.

c.      There may be some small number of extraordinary cases which cannot be disposed of within thirty (30) months, such as those where the damages or injuries cannot be ascertained within that time.  If all the Parties, counsel, and Neutral Arbitrator agree, the Neutral Arbitrator may select a later date for disposition of the case.  The Parties, counsel, and the Neutral Arbitrator shall sign and serve the Designation of Extraordinary Arbitration Form upon the Independent Administrator.  This form will set forth the reason for this designation and the target disposition date.

d.      It is the Neutral Arbitrator's responsibility to set a hearing date and to ensure that the arbitration proceeds within the time limits set out in these Rules. Failure by the Parties, counsel, or Neutral Arbitrator to comply with this Rule may subject them to sanction, removal as Neutral Arbitrator, or removal from the pool of Neutral Arbitrators.  However, this Rule is not a basis to dismiss an arbitration or a claim.  Nothing in this paragraph affects the remedies otherwise available under law for violation of any other Rule.

9

**25.     Arbitration Management Conference**

a.     The Neutral Arbitrator shall hold an Arbitration Management Conference with the attorneys representing the Parties, or the Claimant in pro per and the attorney(s) representing Respondent(s) within sixty (60) days of the date of the Letter Confirming Service of the Neutral Arbitrator.  The Neutral Arbitrator shall give notice to the Parties of the time and location at least ten (10) days in advance.  The Arbitration Management Conference may be conducted by telephone or by video conference if such facilities are available.

b.     The Neutral Arbitrator shall discuss, but is not limited to, the following topics:

   i.     the status of the Parties, claims, and defenses;

   ii.     a realistic assessment of the case;

   iii.     any pending or intended motions;

   iv.     completed and intended discovery;

   v.     the procedures to be followed, including any written submissions the Neutral Arbitrator requires or permits; and

   vi.     if appropriate, whether the Parties have or will waive any Party Arbitrator.

c.     At the Arbitration Management Conference, the Arbitrator shall establish:

   i.     the schedule for motions and the mandatory settlement meeting and

   ii.     the dates of the Arbitration Hearing.  The Arbitrator and the Parties shall schedule the Arbitration Hearing for consecutive days if more than one day is necessary.  If the Arbitrator permits post-Arbitration briefs, the dates for the Arbitration Hearing must be set early enough to ensure that it will be closed within the deadlines established in Rule 24.

d.     If any of the Parties is not represented by counsel, the Neutral Arbitrator should explain the process to be followed at the Arbitration Hearing, use of motions, need for expert witnesses, costs, etc.

e.     The Neutral Arbitrator shall record all deadlines established by the Neutral Arbitrator during the Arbitration Management Conference on the Arbitration Management Conference Form.  The Neutral Arbitrator shall serve the Arbitration Management Conference Form on the Parties and the Independent  Administrator within five (5) days of the Arbitration Management Conference.  The Neutral Arbitrator shall also serve a copy of the Arbitration Management Conference Form on the Party Arbitrators if and when they are named.

f.     At any time after the Arbitration Management Conference, the Neutral Arbitrator may require, or the Parties may request, additional conferences to discuss administrative, procedural, or substantive matters and to assure that the case continues to move expeditiously.  Neutral Arbitrators are encouraged to conduct such conferences by telephone or video conference if facilities are available.

**26.  Mandatory Settlement Meeting**

a.  No later than six (6) months after the Arbitration Management Conference, attorneys representing the parties, or the claimant in pro per and the attorneys representing the respondents shall conduct a mandatory settlement meeting.  Represented parties are not required to attend, but if they choose not to do so, either their attorneys must be fully authorized to settle the matter, or the parties not present must be immediately available by phone for consultation with their attorneys while the meeting is in progress. The Parties shall jointly agree on the form these settlement discussions shall take, which may include a conference by telephone, a video-conference, an in-person meeting or any other format they shall agree upon. This Rule does not require that a neutral third party oversee the mandatory settlement meeting; nor does it preclude the presence of such a person. The Neutral Arbitrator shall not take part in the mandatory settlement meeting.  Within five (5) days after the mandatory settlement meeting, the Parties and their counsel shall sign the Mandatory Settlement Meeting Form and serve a copy on the Independent  Administrator to confirm that the meeting occurred.  If the Parties have settled the claim, they shall give notice as required in Rule 40.

b.  This Rule sets a deadline for the Parties to conduct a mandatory settlement meeting.  The Parties are encouraged to engage in settlement discussions at an earlier date.

c.  Section 998 of the California Code of Civil Procedure (Offers by a Party to Compromise) applies to arbitrations conducted under these Rules.

**27.  Discovery**

a.  Discovery may commence as soon as the Health Plan serves Claimant(s) with a copy of the Transmission Form, unless some Party objects in writing. If a Party objects, discovery may commence as soon as the Neutral Arbitrator is appointed.   Discovery shall be conducted as if the matter were in California state court.  Any extension of time for completion of discovery shall not affect the date of the Arbitration Hearing.

b.  The Parties should address problems stemming from the discovery process to the Neutral Arbitrator for rulings.  The time for serving any discovery motions shall commence as required by the California Code of Civil Procedure or upon the appointment of the Neutral Arbitrator, whichever is later.

c.  If the Claimant(s) requests and at the Claimant's expense, Health Plan or the affiliated entities that are named as Respondent(s) shall serve a copy of that portion of Claimant's medical records requested on the Claimant(s) within thirty (30) days of Claimant's request.

d.  At the request of the Parties and as would be permitted in state court, the Neutral Arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets, or other sensitive or private information.

11

28. **Postponements**

  a.  Any postponement of dates other than that set out in Rule 21 shall be requested in writing from the Neutral Arbitrator if one has been appointed or from the Independent Administrator if the Neutral Arbitrator has not been appointed or has become incapacitated. The request shall set out good cause for the postponement and whether the other Party agrees. Postponements, absent extraordinary circumstances, shall not prevent the Arbitration Award from being served within the time periods specified in Rule 24. Failure of the parties to prepare for a scheduled hearing or to keep the hearing dates free from other commitments does not constitute extraordinary circumstances.

  b.  Whenever a Party requests a postponement of an Arbitration Hearing, the request must be in the form of a written motion to the Neutral Arbitrator, with a copy served on the Parties.

    i.  The motion must state the reasons for the request.

    ii.  The Neutral Arbitrator must issue a written order that either denies or grants the motion for postponement, states who made the motion, and gives the reason for the decision. The order must be served on the parties and the Independent Administrator. If the Neutral Arbitrator grants the motion, the order must state the date to which the hearing has been postponed.

    iii.  If the motion for a postponement is granted, the Neutral Arbitrator has the discretion to enter an order requiring that the Neutral Arbitrator's costs and fees associated with the postponement of an Arbitration Hearing be paid by the party requesting the postponement

29. **Failure to Appear**

  a.  The arbitration may proceed in the absence of a Party, a Party's attorney, or a Party Arbitrator who, after due notice of the date, time, and location of the Arbitration Hearing, or any other conference or hearing, fails to be present and failed to obtain a postponement. If the date of the Arbitration Hearing has not been changed, service of the Arbitration Management Conference Form on a Party shall constitute due notice.

  b.  An Award shall not be made solely on the default of a Party. The Arbitrator may require each Party who attends to submit such evidence as the Arbitrator requires for the making of an Award.

12

**30.    Securing Witnesses for the Arbitration Hearing**

The Party's attorney, the Neutral Arbitrator, or other entity authorized by law may issue subpoenas for the attendance of witnesses or the production of documents. The Independent Administrator shall not.

**31.    Close of Hearing or Proceeding**

a.    When the Parties have rested, the Neutral Arbitrator shall declare the Arbitration Hearing closed.

b.    The Neutral Arbitrator may defer the closing of the Arbitration Hearing until a date agreed upon by the Neutral Arbitrator and the Parties, to permit the Parties to submit post-Hearing papers. The date for the post-Hearing submissions shall not be more than fifteen (15) days after the Parties have rested. If post-Hearing papers are to be submitted, the Arbitration Hearing will be deemed closed on the date set for the submission. If a Party fails to submit the papers by the closing date, the Neutral Arbitrator need not accept or consider them.

c.    The time limit under Rule 37 for the Neutral Arbitrator to make the Award shall begin to run upon the closing of the Arbitration Hearing or proceeding. The late filing of a post-hearing paper shall not affect the deadline for making the Award.

**32.    Documents**

After making the Award, the Neutral Arbitrator has no obligation to preserve copies of the exhibits or documents the Neutral Arbitrator has previously received.

**D.    RULES FOR EXPEDITED PROCEDURES**

**33.    Expedited Procedures**

a.    Expedited Procedures are available in an arbitration where the Claimant(s) requires an Award in less time than that set out in Rule 24.a. The need for the Expedited Procedures shall be based upon any of the following:

i.    a Claimant or member suffers from an illness or condition raising substantial medical doubt of survival until the time set for an Award according to Rule 24.a; or

ii.    a Claimant or member seeks a determination that he or she is entitled to a drug or medical procedure that the Claimant or member has not yet received; or

iii.    other good cause.

b.    The Claimant(s) and Respondent(s) may submit evidence, including declarations by physicians or others, to establish any of these criteria.

c.    If either the Independent Administrator or the Neutral Arbitrator decide that Expedited Procedures are required, the arbitration shall be disposed of within the time set out in that order. No extension of that time is allowed.

13

d.     Except when inconsistent with orders made by the Neutral Arbitrator to meet the deadline for the disposition of the case, the other Rules shall apply to cases with Expedited Procedures.

## 34.     Seeking Expedited Procedures from the Independent Administrator

a.     If Claimant(s) believes that Expedited Procedures are required and a Neutral Arbitrator has not yet been appointed, the Claimant(s) may serve a written request, with a brief statement of the reason for request for Expedited Procedures and the length of time in which an Award is required, on the Independent Administrator, with a copy to Respondent(s).  Respondent(s) shall provide written opposition to the request for Expedited Procedures, if any, within seven (7) days of the date of the request.  The Independent Administrator shall decide the request and inform the Parties of the decision no later than five (5) days after any opposition by Respondent(s) is due.

b.     Should the Independent Administrator determine that Expedited Procedures are necessary, the selection procedures set out in Section B of these Rules shall be followed except that no ninety (90) day continuance shall be allowed and the Independent Administrator shall require that the Neutral Arbitrator agree to render an Award within the period required.

c.     After the Neutral Arbitrator is appointed, he or she shall promptly confer with the Parties to decide what schedule, actions, or modifications of these Rules will be needed to meet the deadline.  The Neutral Arbitrator shall issue any additional orders that are necessary to assure compliance with that deadline and serve the Independent Administrator with a copy of such orders.  The orders may require, by way of example and without limitation, shortening the length of time for discovery responses or motions.

## 35.     Seeking Expedited Procedures from the Neutral Arbitrator

If a Neutral Arbitrator has been appointed, the Party seeking Expedited Procedures may, at any time, petition the Neutral Arbitrator to proceed on an expedited basis.  If the Neutral Arbitrator issues an order to proceed on an expedited basis, he or she shall issue any additional orders that are necessary to assure compliance with that decision.  The orders may require, by way of example and without limitation, shortening the length of time for discovery responses or motions.  The Neutral Arbitrator shall serve a copy of any such orders on the Independent Administrator, including the date by which such Award shall be served.

## 36.     Telephonic Notice

When Expedited Procedures apply, the Parties shall accept all notices, process, and other communications (other than the List of Possible Arbitrators) from the Independent  Administrator and Arbitrator by telephone.  The Independent Administrator and the Arbitrator shall promptly confirm any such oral notices, process, and other communications, in writing to the Parties.

14

**E.**    **RULES ON AWARD AND ENFORCEMENT**

**37.    Time of Award**

The Neutral Arbitrator shall serve the Award on the Parties and the Independent Administrator promptly.  Unless otherwise specified by law, the Neutral Arbitrator shall serve the Award in Extraordinary and Complex cases, no later than thirty (30) business days after the closing of the Arbitration hearing, and in all other cases, no later than fifteen (15) business days after the date of the closing of the Arbitration Hearing.  If post arbitration briefs are submitted, the Arbitration Hearing is closed on the date the briefs are due.

**38.    Form of Award**

a.    A majority of the Arbitrators shall sign the Award.  The Award shall specify the prevailing Party, the amount and terms of the relief, if any, and the reasons for the decision.  In setting forth the reasons, the Award, or any decision deciding an arbitration, shall provide findings of fact and conclusions of law, consistent with California Code of Civil Procedure Section 437c(g) or Section 632.  The reasons for the decision will not become part of the Award nor be admissible in any judicial proceeding to enforce or vacate the Award.  The Arbitrator may use the Arbitration Award Form.  The Neutral Arbitrator shall be responsible for preparing the written Award.

b.    As required by California regulation, all written decisions must contain the following language in bold, twelve (12) point type,

"Nothing in this arbitration decision prohibits or restricts the enrollee from discussing or reporting the underlying facts, results, terms and conditions of this decision to the Department of Managed Health Care."

**39.    Delivery of the Award**

a.    The Neutral Arbitrator shall serve a copy of the Award on the Parties and Independent Administrator by mail.

b.    Respondent(s) shall redact the Award by eliminating the names of the enrollees, the plan, witnesses, providers, health plan employees, and health facilities.

c.    Respondent(s) shall serve the redacted Award on the Independent Administrator and Claimant(s).  The redacted version of the Award will become part of the Neutral Arbitrator's file.

**40.    Notice after Settlement or Withdrawal**

a    At any point in the proceedings, if the Parties reach a settlement, they shall promptly inform the Neutral Arbitrator and the Independent Administrator in writing.  Upon receiving such notice, the Independent Administrator shall deem the arbitration terminated.

b.    If a Claimant decides to withdraw a demand, the Claimant or the Claimant's attorney shall serve a notice of withdrawal upon Respondent, the Neutral Arbitrator, and the Independent Administrator.

15

c.　　Except in cases in which the Independent Administrator receives a decision from the Neutral Arbitrator, the Neutral Arbitrator's appointment is terminated on the date the Independent Administrator receives written notice under Rule 40.a or 40.b.  No further Neutral Arbitrator will be appointed.

## 41.　Sanctions

The Neutral Arbitrator may order appropriate sanctions for failure of any Party to comply with its obligations under any of these rules or applicable law.  These sanctions may include any sanction available under applicable law, as well as payment of all or a portion of the other Party's expenses for its Party Arbitrator or the Neutral Arbitrator's fees and expenses.

## 42.　Release of Documents for Judicial Proceedings

The Independent Administrator shall, upon the written request of and payment by a Party, furnish to the Party, at the Party's expense, copies of any papers, notices, process or other documents in the possession of the Independent Administrator that may be required in judicial proceedings relating to that Party's arbitration.

## F.　RULES OF ADMINISTRATION

## 43.　Counting of Days

a.　　Unless a Rule specifies otherwise, "days" mean calendar days.  Thus, all days, including holidays, Saturdays and Sundays are to be counted when counting the number of days.  In determining the date an action is required, the date of the event or document that triggers the action is not included, but the date by which the action must occur is included.

b.　　If a Rule refers to "business days," federal holidays, Saturdays, and Sundays are excluded when counting the number of days.

c.　　If the date on which some action is to be taken, or a notice, process, or other communication would otherwise be required to be sent or a period would otherwise expire, falls on a holiday, a Saturday, or a Sunday, the date is extended to the next succeeding business day.

## 44.　No Limit on Immunity

Nothing in these Rules limits any statutory or common law immunity that the Independent Administrator or Neutral Arbitrator may otherwise possess.

## 45.　Neutral Arbitrator Fees

a.　　If the Neutral Arbitrator was selected from the List of Possible Arbitrators, the Neutral Arbitrator's compensation for an arbitration shall accord with the fees and terms sent out to the Parties by the Independent Administrator with the List of Possible Arbitrators.

b.　　The Independent  Administrator is not responsible for, or involved in the collection of, the Neutral Arbitrator's fees.

16

**46.  Expenses**

The expenses of witnesses for any Party shall be paid by the Party producing them.  The fees and expenses of the Party Arbitrator shall be paid by the Party who selected that Party Arbitrator.

**47.  Forms**

The Parties and the Neutral Arbitrator may request blank copies of any forms mentioned in these Rules from the Independent Administrator.

**48.  Questionnaire**

a.    At the conclusion of the arbitration, the Neutral Arbitrator shall complete and timely return the arbitration questionnaire supplied by the Independent Administrator.  This information may be used by the Independent Administrator and the Arbitration Oversight Board ("AOB") in evaluating the arbitration system.

b.    If the Independent Administrator received the Demand for Arbitration on or after January 1, 2003, at the conclusion of the  arbitration, the Neutral Arbitrator shall inform the Independent Administrator of the total fee and the percentage of fee allocated to each party.  This information will be used by the Independent Administrator to comply with the disclosure requirements of California law.

**49.  Evaluation**

At the conclusion of the arbitration, each Party shall complete and timely return the evaluation form supplied by the Independent Administrator.

**50.  Amendment of Rules**

a.    The AOB may amend these Rules in consultation with the Independent Administrator and Health Plan. The Rules in effect on the date the Independent  Administrator receives the Demand for Arbitration will apply to that arbitration throughout unless the Parties agree in writing that another version of the Rules applies.  The Parties shall serve a copy of that agreement on the Independent  Administrator.

b.    If the relevant law changes or an event occurs which is not contemplated by these Rules, the Arbitration Oversight Board may adopt a new Rule(s) to deal adequately with that event.  New Rule(s) shall apply to all pending arbitrations if the AOB deems such a change necessary notwithstanding Rule 50.a.  Any such new Rule(s) shall be created in consultation with the Independent  Administrator and Health Plan and shall not be inconsistent with existing Rules unless the Independent  Administrator agrees to the change.  The Independent Administrator shall serve all Parties and Arbitrators in pending arbitrations with a copy of any such new Rule(s) and it shall be binding upon the Parties and Arbitrators.

c.    In the event of an urgent condition that in the judgment of the Independent Administrator threatens the orderly administration of the arbitration system, with the concurrence of the Chair or Vice-Chair of the AOB, the Independent Administrator shall adopt such temporary rules as it deems necessary to preserve the orderly administration of the arbitration system.

51.  **Conflict with Law**

If any of these Rules, or a modification of these Rules agreed on by the Parties, is discovered to be in conflict with a mandatory provision of applicable law, the provision of law will govern, and no other Rule will be affected.

52.  **Acknowledgment of No Warranty**

The Independent  Administrator makes no representation about, or warranty with respect to, the accuracy, or completeness of any information furnished or required to be furnished in any Application Form or with respect to the competence or training of any Neutral Arbitrator.  Information is supplied to allow Parties to conduct their own inquiries.

53.  **Public Reporting**

Annually, the Independent Administrator will report in a collective fashion the lengths of times it took to complete various tasks in the process of adjudicating the claims, how the arbitrations were disposed of, and the choices made by the Parties and Arbitrators.  This report may be available to the public.  The Independent Administrator will also post on its website disclosures required by statute or the Ethics Standards.

54.  **Legal Advice**

While the Independent Administrator will try to answer questions about these Rules, it cannot give legal advice to Parties or their counsel or provide them with referrals.  The following "Information for Claimants Who Do Not Have Attorneys" may answer some of the most commonly asked questions.

<u>**If You Do Not Have An Attorney**</u>

This handout is for people who represent themselves in arbitration without help from a lawyer.  Lawyers say that a person who represents him or herself is acting *in propria persona* or "in pro per."  This Office of the Independent Administrator wants you to know about our system and its procedures.  We cannot, however, give you legal advice.  This is because we do not take sides in any case.

Please note: We try to ensure that the facts in this handout are accurate.  However, where there are rules, the rules take priority.

**What is the Office of the Independent Administrator, or the OIA?**

The OIA oversees the arbitration process.  We are neutral.  We are not part of Kaiser Permanente.  The written Rules for Kaiser Permanente Member Arbitrations Administered by the Office of the Independent Administrator control the arbitrations.  If you represent yourself, read these Rules carefully.  If you have questions about these Rules, call the OIA at (213) 637-9847.

We cannot give legal advice.  We will tell you what the Rules mean and how to follow them.  However, we cannot advise you on how the Rules might affect your case.

18

### What is arbitration?

Arbitration is a legal proceeding. It is similar to a case filed in court. At the arbitration hearing, you and the other side present witnesses, including medical experts, and other evidence. Unlike most trials in court, there is no jury. A neutral arbitrator hears the evidence and acts as a judge. This person decides both the facts and the law.

Neutral arbitrators cannot give legal advice. They decide cases based on the law and the facts presented by both sides. Their decision is final, binding, and can be enforced in court. Only rarely can a court overturn the arbitrator's decision.

### Are arbitration and mediation different?

Yes. Arbitration is not mediation. Arbitration is a legal proceeding where evidence is presented. It is similar to a trial in a court. Mediation, however, is not a legal proceeding. People solve their dispute with the help of a neutral person, called the "mediator." A mediator cannot make a decision that the parties have to accept. Mediation is a voluntary attempt to settle the dispute. A mediator tries to help the parties reach an agreement and end their dispute.

### Is a medical expert always necessary to prove a claim of medical malpractice?

Almost always. Under California law, a medical expert's testimony is nearly always needed to prove medical malpractice. This is true in both arbitration and in court. If you do not have a medical expert, you will probably lose the case. Neither the neutral arbitrator nor the OIA can help you find or hire a medical expert.

### What is summary judgment and why is it important to my claim of medical malpractice?

Kaiser Permanente may make a motion for summary judgment. This means they argue that there is no dispute about the facts. They also argue they deserve to win under the law. If this happens, you must prepare your position in writing and send it to the neutral arbitrator and the other side before the deadline. If you fail to do this, the neutral arbitrator will probably grant the motion and your case will be over. If Kaiser Permanente has included an expert declaration, you probably need to do the same. You can also take part in the hearing on the motion in person or by phone. If the neutral arbitrator grants a motion for summary judgment, the case is over.

### Are any other expert witnesses needed?

Sometimes. If you are asking for lost wages or future damages, you may need an economist or other financial expert to testify. You may also need other experts based on your claims.

### May I ask a friend or relative to assist me in the case?

You may only be represented by a lawyer. This is true both in arbitration and in court. However, an unpaid friend or family member may accompany and assist you, if in the judgment of the Arbitrator, your personal circumstances warrant such assistance.

**When are party arbitrators used?**

Only parties who claim more than $200,000 in damages may have a party arbitrator.  However, you can claim more than $200,000 without having one.  If you choose to have a party arbitrator, you will have to find and pay your party arbitrator.  You must also pay one-half of the neutral arbitrator's fees, unless you qualify for a fee waiver under Rule 13.  While both sides choose the neutral arbitrator, each side chooses its own party arbitrator.  In cases with party arbitrators, at least two of the three arbitrators must agree on all rulings, including the award.

If you claim more than $200,000, you may give up your right to a party arbitrator.  If the respondent also agrees to give up its party arbitrator, a single neutral arbitrator will hear your case.  This neutral arbitrator will be authorized to award more than $200,000.  If the respondent will not give up its party arbitrator, you must also have a party arbitrator.  In either case, the respondent will pay all of the neutral arbitrator's fees and expenses if you sign the Waiver of Objection to Payment of Fees and the Waiver of Party Arbitrator - Claimant Forms.

For more information about party arbitrators and payment of the neutral arbitrator's fees, see Rules 13, 14, 15, and 22.

**What is *ex parte* communication?**

*Ex Parte* communication occurs when one party talks or writes to the neutral arbitrator without giving the other party a chance to participate or respond.  Ex Parte communication is prohibited unless it is about the time or place of a hearing or conference.  If you need to contact the neutral arbitrator for any other reason, write a letter to the neutral arbitrator.  You must also send a copy of the letter to the other party.  You may also ask for a conference call with the neutral arbitrator and the other party.

**What are my responsibilities when proceeding without a lawyer?**

When you represent yourself, you must do all the tasks that a lawyer would do:

* Learn the California law that applies to the case.
* Meet deadlines.
* Find and subpoena witnesses when they are needed.
* Find, hire, and pay expert witnesses when they are needed.
* Write and deliver all documents that the neutral arbitrator tells you to prepare.

Some of these tasks take time, are difficult, cost money, and must be done in advance.  If this sounds like a lot of work, it is.  The neutral arbitrator will not make the job any easier because you represent yourself.  We encourage people to get a lawyer to represent them.  If you represent yourself, we will help you understand the Rules.  But neither the OIA nor the neutral arbitrator can give you legal advice or help you find an expert witness.

20

Exhibit H at 24

**Are there other resources to help people who represent themselves?**

There are useful books written for people who represent themselves.  Please check your local library or bookstore.  If you need help finding a lawyer, call the State Bar or County Bar Association.

If you have any questions, please call the OIA at (213) 637-9847.  You can get copies of the Rules, our forms and other helpful items at our website at www.oia-kaiserarb.com.

21