```
BILL NUMBER: AB 3260     INTRODUCED  02/24/94
         BILL TEXT


INTRODUCED BY  Assembly Member Bornstein

                       FEBRUARY 24, 1994
```

   An act to add Sections 803.3 and 2220.5 to the Business and
Professions Code, to amend Section 11159 of, and to add Sections
1363.1 and 1373.19 to, the Health and Safety Code, and to add
Sections 10123.19 and 11512.33 to the Insurance Code, relating
to health.



              LEGISLATIVE COUNSEL'S DIGEST


   AB 3260, as introduced, Bornstein.  Health: health coverage,
controlled substances, discipline of physicians and surgeons.
   (1) Existing law provides for the licensure of health care
service plans administered by the Department of Corporations.
   Existing law also provides for the licensure of disability
insurance policies and nonprofit hospital service plans
administered by the Commissioner of Insurance.  Existing law
requires each health care service plan, disability insurance
policy, and nonprofit hospital service plan to meet certain
requirements.
   This bill would require a health care service plan,
disability insurance policy, and a nonprofit hospital service
plan, as defined, that includes terms that restrict, or provide
for a waiver of, the right to a jury trial to include a
specified disclosure.
   This bill would require any health care service plan,
disability insurance policy, or nonprofit health care service
plan that includes a term that requires binding arbitration in
case of a medical malpractice claim or dispute to provide for
the selection of a neutral arbitrator.  This bill would
authorize a petition to be filed with the court to appoint an
arbitrator in certain instances.  In the case of disability
insurers and nonprofit hospital service plans it would expressly
prohibit waiver of these requirements.
   (2) Existing law requires certain judgments against specified
licensed health care professionals by a court to be reported by
the clerk of the court to the licensing agency.
   This bill would require an arbitration under a health care
service plan contract for any death or personal injury resulting
in an award for an amount in excess of $30,000 to be a judgment
for purposes of the above-described provision of law.
   (3) Under existing law, the Medical Practice Act, the Medical
Board of California administers the licensure and discipline of
physicians and surgeons.
   This bill would require the board to provide the names of
physicians and surgeons upon whom discipline has been imposed by
the board, including the disciplinary action taken, and the
reason for it, on a monthly basis to a newspaper of general
circulation in the county where the physician and surgeon's
principal place of business is located.
   (4) Existing law, the Uniform Controlled Substances Act,
provides that an order for controlled substances for use by a
patient in a county or licensed hospital shall be exempt from
the requirements of prescriptions.
   This bill would require supervision by a physician who is
familiar with a patient's medical history in order for a patient
to receive an injection of a controlled substance classified in
Schedule II in an inpatient or outpatient setting.
   Since the knowing violation of the provisions regarding

Exhibit 3 at 1

health care service plans would be a misdemeanor under
provisions of existing law, this bill would change the
definition of a crime, thereby imposing a state-mandated local
program.
   The California Constitution requires the state to reimburse
local agencies and school districts for certain costs mandated
by the state.  Statutory provisions establish procedures for
making that reimbursement.
    This bill would provide that no reimbursement is required by
this act for a specified reason.
     Vote:  majority.  Appropriation:  no.  Fiscal committee:
yes. State-mandated local program:  yes.


THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:


   SECTION 1. Section 803.3 is added to the Business and
Professions Code, to read:
   803.3.  Any arbitration under a health care service plan
contract for any death or personal injury resulting in an award
for an amount in excess of thirty thousand dollars ($30,000)
shall be a judgment for purposes of subdivision (b) of Section
803.
   SEC. 2. Section 2220.5 is added to the Business and
Professions Code, to read:
   2220.5.  The board shall provide, on a monthly basis, the
names of all physicians and surgeons upon whom discipline has
been imposed by the board during the calendar month immediately
preceding the month of publication.  The information provided
shall include the disciplinary action taken and the reason for
the disciplinary action.  The information shall be provided to a
newspaper of general circulation in the county where the
physician and surgeon's principal place of business is located.

   SEC. 3. Section 1363.1 is added to the Health and Safety Code,
to read:
   1363.1.  Any health care service plan that includes terms
that restrict, or provide for a waiver of, the right to a jury
trial shall include, in clear and understandable language, a
disclosure that meets all of the following conditions:
   (a) The disclosure shall be in 14-point bold face print
within a 10-point bordered rectangle, and shall be headed with
the words "DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION" in
bold print.
   (b) If a contract expressly waives the right to settle
medical malpractice or other disputes through a jury trial, the
words "WAIVER OF RIGHT TO A JURY TRIAL" shall appear in bold
print on the line immediately beneath the heading of the
disclosure made under subdivision (a).
   (c) The disclosure shall clearly state whether the subscriber
or enrollee is waiving his or her right to a jury trial for
medical malpractice, other disputes relating to the delivery of
service under the plan, or both, and shall be substantially
expressed in the wording provided in subdivision (a) of Section
1295 of the Code of Civil Procedure.
   (d) In any contract or enrollment agreement for a health care
service plan, the disclosure required by this section shall be
displayed immediately before the signature line provided for the
representative of the group contracting with a health care
service plan and immediately before the signature line provided
for the individual enrolling in the health care service plan.
   SEC. 4. Section 1373.19 is added to the Health and Safety
Code, immediately following Section 1373.18, to read:
   1373.19.  Any health care service plan that includes a term
that requires the parties to submit to binding arbitration in
case of a medical malpractice claim or dispute shall provide for
the selection of a single neutral arbitrator by the parties.

Exhibit 3 at 2

If the parties are unable to agree, a petition may be filed with
the court to appoint an arbitrator from lists of persons
supplied jointly by the parties to the arbitration.
  SEC. 5. Section 11159 of the Health and Safety Code is amended
to read:
  11159.  {- An -} {+ (a) Except as provided in subdivision
(b), an +} order for controlled substances for use by a patient
in a county or licensed hospital shall be exempt from all
requirements of this article, but shall be in writing on the
patient's record, signed by the prescriber, dated, and shall
state the name and quantity of the controlled substance ordered
and the quantity actually administered.  The record of such
orders shall be maintained as a hospital record for a minimum of
seven years.  {+
  (b) Except as provided in subdivision (b) of Section 11158 or
in Sections 11167 and 11167.5, no controlled substance
classified in Schedule II shall be administered in an inpatient
or outpatient setting, by injection, to a patient, including,
but not limited to, an enrollee in a health care service plan,
unless supervised by a physician who is familiar with the
medical history of the patient. +}
  SEC. 6. Section 10123.19 is added to the Insurance Code,
immediately following Section 10123.18, to read:
  10123.19.  (a) Any disability insurance policy that includes
terms that restrict, or provide for a waiver of, the right to a
jury trial shall include, in clear and understandable language,
a disclosure that meets all of the following conditions:
  (1) The disclosure shall be in 14-point bold face print
within a 10-point bordered rectangle, and shall be headed with
the words "DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION" in
bold print.
  (2) If a policy expressly waives the right to settle medical
malpractice or other disputes through a jury trial, the words
"WAIVER OF RIGHT TO A JURY TRIAL" shall appear in bold print on
the line immediately beneath the heading of the disclosure made
under paragraph (1).
  (3) In any disability insurance policy, the disclosure
required by this section shall be displayed immediately before
the signature line provided for the representative of the group
contracting with a disability insurer and immediately before the
signature line provided for the individual enrolling in the
policy.
  (b) Any disability insurance policy that includes a term that
requires the parties to submit to binding arbitration in case
of a medical malpractice claim or dispute shall provide for the
selection of a single neutral arbitrator by the parties.  If the
parties are unable to agree, a petition may be filed with the
court to appoint an arbitrator from lists of persons supplied
jointly by the parties to the arbitration.
   The provision shall not be subject to waiver by the policy.
  SEC. 7. Section 11512.33 is added to the Insurance Code,
immediately following Section 11512.29, to read:
  11512.33.  (a) Any nonprofit hospital service plan that
includes terms that restrict, or provide for a waiver of, the
right to a jury trial shall include, in clear and understandable
language, a disclosure that meets all of the following
conditions:
  (1) The disclosure shall be in 14-point bold face print
within a 10-point bordered rectangle, and shall be headed with
the words "DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION" in
bold print.
  (2) If a plan expressly waives the right to settle medical
malpractice or other disputes through a jury trial, the words
"WAIVER OF RIGHT TO A JURY TRIAL" shall appear in bold print on
the line immediately beneath the heading of the disclosure made
under paragraph (1).
  (3) In any nonprofit hospital service plan, the disclosure
required by this section shall be displayed immediately before

Exhibit 3 at 3

```
the signature line provided for the representative of the group
contracting with a plan and immediately before the signature
line provided for the individual enrolling in the plan.
   (b) Any nonprofit hospital service plan that includes a term
that requires the parties to submit to binding arbitration in
case of a medical malpractice claim or dispute shall provide for
the selection of a single neutral arbitrator by the parties.
If the parties are unable to agree, a petition may be filed with
the court to appoint an arbitrator from lists of persons
supplied jointly by the parties to the arbitration.
   The provision shall not be subject to waiver by the plan.
  SEC. 8. No reimbursement is required by this act pursuant to
Section 6 of Article XIIIB of the California Constitution
because the only costs which may be incurred by a local agency
or school district will be incurred because this act creates a
new crime or infraction, changes the definition of a crime or
infraction, changes the penalty for a crime or infraction, or
eliminates a crime or infraction.  Notwithstanding Section 17580
of the Government Code, unless otherwise specified in this act,
the provisions of this act shall become operative on the same
date that the act takes effect pursuant to the California
Constitution.
```

Exhibit 3 at 4

```
BILL NUMBER: AB 3260	AMENDED 04/26/94
        BILL TEXT

        AMENDED IN ASSEMBLY    APRIL 26, 1994
        AMENDED IN ASSEMBLY    APRIL 7, 1994

INTRODUCED BY  Assembly Member Bornstein
   (Coauthor:  Assembly Member Speier)

                    FEBRUARY 24, 1994

   An act to add Sections 803.3 and 4227.4 to the Business and
Professions Code, and to add Sections 1363.1 and 1373.19 to, the
Health and Safety Code, and to add Sections 10123.19 and
11512.33 to the Insurance Code, relating to health.



        LEGISLATIVE COUNSEL'S DIGEST


   AB 3260, as amended, Bornstein.  Health:  health coverage,
controlled substances.
   (1) Existing law provides for the licensure of health care
service plans administered by the Department of Corporations.
   Existing law also provides for the licensure of disability
insurance policies and nonprofit hospital service plans
administered by the Commissioner of Insurance.  Existing law
requires each health care service plan, disability insurance
policy, and nonprofit hospital service plan to meet certain
requirements.
   This bill would require a health care service plan,
disability insurance policy, and a nonprofit hospital service
plan, as defined, that includes terms that {+ require binding
arbitration to settle disputes and that +} restrict, or provide
for a waiver of, the right to a jury trial to include a
specified disclosure.
   This bill would require any health care service plan,
disability insurance policy, or nonprofit health care service
plan that includes a term that requires binding arbitration in
case of a medical malpractice claim or dispute to provide for
the selection of a neutral arbitrator.  This bill would
authorize a petition to be filed with the court to appoint an
arbitrator in certain instances.  In the case of {+ health care
service plans, this bill would limit the requirement for
selection of a neutral arbitrator to cases or disputes involving
$50,000 or less.  In the case of +} disability insurers and
nonprofit hospital service plans it would expressly prohibit
waiver of these requirements.
   (2) Existing law requires certain judgments against specified
licensed health care professionals by a court to be reported by
the clerk of the court to the licensing agency.
   This bill would require an arbitration under a health care
service plan contract for any death or personal injury resulting
in an award for an amount in excess of $30,000 to be a judgment
for purposes of the above-described provision of law.
   (3) Existing law provides for the licensure and regulation of
health facilities administered by the State Department of
Health Services.  Existing law, the Pharmacy Law, imposes
requirements regarding the content and administering of
prescriptions.
   This bill would authorize health facilities, as defined, to
establish and maintain injection card systems that would allow
an outpatient to receive injections at the facility pursuant to
a prior written or oral order by a physician and surgeon.  It
would require that the facility develop a written protocol
including certain information regarding the use of the injection
card system prior to its implementation.
```

Exhibit 3 at 5

   Since the knowing violation of the provisions regarding
health care service plans, and the Pharmacy Law, would be a
misdemeanor under provisions of existing law, this bill would
change the definition of a crime, thereby imposing a
state-mandated local program.
   The California Constitution requires the state to reimburse
local agencies and school districts for certain costs mandated
by the state. Statutory provisions establish procedures for
making that reimbursement.
   This bill would provide that no reimbursement is required by
this act for a specified reason.
   Vote:  majority.  Appropriation:  no.  Fiscal committee:
yes. State-mandated local program:  yes.


THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:


  SECTION 1. Section 803.3 is added to the Business and
Professions Code, to read:
   803.3.  Any arbitration under a health care service plan
contract for any death or personal injury resulting in an award
for an amount in excess of thirty thousand dollars ($30,000)
shall be a judgment for purposes of subdivision (b) of Section
803.
  SEC. 2. Section 4227.4 is added to the Business and
Professions Code, to read:
   4227.4.  (a) "Licensed health care facility" or "facility,"
as used in this section, means a health facility licensed
pursuant to Article 1 (commencing with Section 1250) of Chapter
2 of Division 2 of the Health and Safety Code or a facility as
defined in Section 1250 of the Health and Safety Code that is
operated by a health care service plan licensed pursuant to
Chapter 2.2 (commencing with Section 1340) of Division 2 of the
Health and Safety Code.
   (b) "Injection card system," as used in this section, means a
system that enables a facility to authorize an outpatient to
receive injections at the facility pursuant to a prior written
or oral order by a physician and surgeon, through the use of a
card that is maintained at the location in the facility where
the injections are administered.
   The injection card shall include, at a minimum, the following
information: the date of authorization; the number of
injections authorized; the name of the drug including the
strength and amount authorized; the names of the prescribing
physician and surgeon and the patient; the date of each
injection; and the name or initials of the person administering
the injection.
   In addition, the patient's master medical file maintained by
the facility shall contain all of the information required under
Section 4036.
   (c) Notwithstanding any other provision of law, a licensed
health care facility may provide for the administration of
dangerous drugs and controlled substances through the use of an
injection card system.
   (d) A facility that employs an injection card system shall
have a written protocol for the use of this system.  The
protocol shall be developed by a team of health care
professionals, including at least one physician and surgeon, one
registered nurse, and one pharmacist.  The protocol shall
provide for, but not be limited to, the following:
   (1) Identification of drugs to be included in the injection
card system.
   (2) Distinction among classes of drugs, including controlled
substances.
   (3) Periodic review of the efficacy of the injection card
system, including, but not limited to, its effectiveness and
safety for different classes of drugs.

Exhibit 3 at 6

   (4) Determination as to whether each drug included in the
injection card system requires the presence of a physician and
surgeon or only the ready availability of a physician and
surgeon.
   (5) Implementation of recordkeeping systems that, at a
minimum, record each injection and each visit, provide for the
immediate entry of the injection in the patient's medical
record, and allow for ready identification of patterns of
possible or actual patient abuse of controlled substances and
other potential adverse drug interactions.
   (6) Retention of the injection card by the facility at all
times when a controlled substance is being administered.
   (7) Adequate initial evaluation of patients, including, but
not limited to, a determination as to whether each patient is a
proper subject for the injection card system.
   (8) Ongoing medical evaluation of the patient's response to
the injection card system.
  SEC. 3. Section 1363.1 is added to the Health and Safety Code,
to read:
  1363.1.  Any health care service plan that includes terms
that {+ require binding arbitration to settle disputes and that
+} restrict, or provide for a waiver of, the right to a jury
trial shall include, in clear and understandable language, a
disclosure that meets all of the following conditions:  {-
  (a) The disclosure shall be in 14-point bold face print
within a 10-point bordered rectangle, and shall be headed with
the words "DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION" in
bold print.
  (b) If a contract expressly waives the right to settle
medical malpractice or other disputes through a jury trial, the
words "WAIVER OF RIGHT TO A JURY TRIAL" shall appear in bold
print on the line immediately beneath the heading of the
disclosure made under subdivision (a). -} {+
  (a) The disclosure shall clearly state that the plan uses
binding arbitration to settle all disputes, including claims of
medical malpractice, and that the enrollee is giving up his or
her right to a jury trial.
  (b) The disclosure shall appear as a separate article in the
agreement issued to the employer group or individual subscriber
and shall be prominently displayed on the enrollment form signed
by each subscriber or enrollee. +}
  (c) The disclosure shall clearly state whether the subscriber
or enrollee is waiving his or her right to a jury trial for
medical malpractice, other disputes relating to the delivery of
service under the plan, or both, and shall be substantially
expressed in the wording provided in subdivision (a) of Section
1295 of the Code of Civil Procedure.
  (d) In any contract or enrollment agreement for a health care
service plan, the disclosure required by this section shall be
displayed immediately before the signature line provided for the
representative of the group contracting with a health care
service plan and immediately before the signature line provided
for the individual enrolling in the health care service plan.
  SEC. 4. Section 1373.19 is added to the Health and Safety
Code, immediately following Section 1373.18, to read:
  1373.19.  Any health care service plan that includes a term
that requires the parties to submit to binding arbitration in
case of a medical malpractice claim or dispute shall {+ , for
those cases or disputes involving fifty thousand dollars
($50,000) or less, +} provide for the selection of a single
neutral arbitrator by the parties.  If the parties are unable to
agree, a petition may be filed with the court to appoint an
arbitrator from lists of persons supplied jointly by the parties
to the arbitration.
  SEC. 5. Section 10123.19 is added to the Insurance Code,
immediately following Section 10123.18, to read:
  10123.19.  (a) Any disability insurance policy that includes
terms that {+ require binding arbitration to settle disputes and

Exhibit 3 at 7

that +} restrict, or provide for a waiver of, the right to a
jury trial shall include, in clear and understandable language,
a disclosure that meets all of the following conditions:   {-
   (1) The disclosure shall be in 14-point bold face print
within a 10-point bordered rectangle, and shall be headed with
the words "DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION" in
bold print.
   (2) If a policy expressly waives the right to settle medical
malpractice or other disputes through a jury trial, the words
"WAIVER OF RIGHT TO A JURY TRIAL" shall appear in bold print on
the line immediately beneath the heading of the disclosure made
under paragraph (1). -} {+
   (1) The disclosure shall clearly state that the plan uses
binding arbitration to settle all disputes, including claims of
medical malpractice, and that the enrollee is giving up his or
her right to a jury trial.
   (2) The disclosure shall appear as a separate article in the
agreement issued to the employer group or individual subscriber
and shall be prominently displayed on the enrollment form signed
by each subscriber or enrollee. +}
   (3) In any disability insurance policy, the disclosure
required by this section shall be displayed immediately before
the signature line provided for the representative of the group
contracting with a disability insurer and immediately before the
signature line provided for the individual enrolling in the
policy.
   (b) Any disability insurance policy that includes a term that
requires the parties to submit to binding arbitration in case
of a medical malpractice claim or dispute shall provide for the
selection of a single neutral arbitrator by the parties.  If the
parties are unable to agree, a petition may be filed with the
court to appoint an arbitrator from lists of persons supplied
jointly by the parties to the arbitration.
   The provision shall not be subject to waiver by the policy.
  SEC. 6. Section 11512.33 is added to the Insurance Code,
immediately following Section 11512.29, to read:
   11512.33.  (a) Any nonprofit hospital service plan that
includes terms that {+ require binding arbitration to settle
disputes and that +} restrict, or provide for a waiver of, the
right to a jury trial shall include, in clear and understandable
language, a disclosure that meets all of the following
conditions:   {-
   (1) The disclosure shall be in 14-point bold face print
within a 10-point bordered rectangle, and shall be headed with
the words "DISPUTE SETTLEMENT THROUGH BINDING ARBITRATION" in
bold print.
   (2) If a plan expressly waives the right to settle medical
malpractice or other disputes through a jury trial, the words
"WAIVER OF RIGHT TO A JURY TRIAL" shall appear in bold print on
the line immediately beneath the heading of the disclosure made
under paragraph (1). -} {+
   (1) The disclosure shall clearly state that the plan uses
binding arbitration to settle all disputes, including claims of
medical malpractice, and that the enrollee is giving up his or
her right to a jury trial.
   (2) The disclosure shall appear as a separate article in the
agreement issued to the employer group or individual subscriber
and shall be prominently displayed on the enrollment form signed
by each subscriber or enrollee. +}
   (3) In any nonprofit hospital service plan, the disclosure
required by this section shall be displayed immediately before
the signature line provided for the representative of the group
contracting with a plan and immediately before the signature
line provided for the individual enrolling in the plan.
   (b) Any nonprofit hospital service plan that includes a term
that requires the parties to submit to binding arbitration in
case of a medical malpractice claim or dispute shall provide for
the selection of a single neutral arbitrator by the parties.

Exhibit 3 at 8

If the parties are unable to agree, a petition may be filed with
the court to appoint an arbitrator from lists of persons
supplied jointly by the parties to the arbitration.
   The provision shall not be subject to waiver by the plan.
  SEC. 7. No reimbursement is required by this act pursuant to
Section 6 of Article XIIIB of the California Constitution
because the only costs which may be incurred by a local agency
or school district will be incurred because this act creates a
new crime or infraction, changes the definition of a crime or
infraction, changes the penalty for a crime or infraction, or
eliminates a crime or infraction.  Notwithstanding Section 17580
of the Government Code, unless otherwise specified in this act,
the provisions of this act shall become operative on the same
date that the act takes effect pursuant to the California
Constitution.

Exhibit 3 at 9

5 of 5                                                      3/6/2008 2:22 PM