MARK G. CRAWFORD, BAR NO. 136501
THOMAS A. SCHULTZ, BAR NO. 149578
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
625 Market Street, Eleventh Floor
San Francisco, CA 94105
Telephone: (415) 956-5257
Facsimile: (415) 956-4416
E-Mail: mcrawford@lopez-hodes.com

Attorneys for Plaintiffs

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
RONALD R. LAMB, BAR NO. 99396
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664
E-Mail: rlamb@wilkefleury.com

Attorneys for Defendants

MARION'S INN
KENNEDY P. RICHARDSON, BAR NO. 62516
MARK PALLEY, BAR NO. 120073
YVONNE M. PIERROU, BAR NO. 166237
BRIAN S. LEE, BAR NO. 233062
1611 Telegraph Avenue, Suite 707
Oakland, CA 94612
Telephone: (510) 451-6770
Facsimile: (510) 451-1711
E-Mail: KPR@marionsinn.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY McCONNELL,<br><br>         Plaintiff,<br>v.<br><br>THE PERMANENTE MEDICAL GROUP, INC.; KAISER FOUNDATION HOSPITALS; KAISER FOUNDATION HEALTH PLAN; and DOES 1 through 200, inclusive,<br><br>         Defendants. | Case No. C 07-06203 SC<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER<br><br>Date:   March 18, 2008<br>Time:  2:00 p.m.<br>Dept:   11<br>Courtroom: Hon. Samuel Conti |

///

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

338756.1                    - 1 -

JOINT CASE MANAGEMENT STATEMENT

The parties to the above-entitled action jointly submit this Case Management Statement in accordance with United States District Court, Northern District of California Local Rule 16.9.

Defendants are preparing a motion to compel arbitration which is expected to be filed within thirty days. Plaintiffs plan to oppose the motion. In addition, the parties are in active discussions amongst counsel in this case and with counsel in cases pending in other forums regarding the possible cooperation concerning their discovery efforts. For these reasons, and as discussed more fully below, the parties respectfully request that finalization of a discovery and litigation plan be deferred for a short time and that a further Case Management Conference be set for a time when the motion for arbitration will have been decided, and to allow the parties further time to discuss how to best conduct discovery amongst all the cases pending in all forums.

1. <u>Jurisdiction and Service</u>

Plaintiffs originally filed this case in Alameda County Superior Court on June 4, 2007. On December 6, 2007, defendants filed their Notice of Removal of the case to this Court. Defendants contend that federal question jurisdiction exists based on their assertion that all of plaintiff's claims are preempted and superseded by the legal standards of Part C of the Medicare Act in that the Medicare Act provides the exclusive remedy for the alleged wrongs of which plaintiffs complain. Plaintiff disputes defendants' assertions regarding the application of the Medicare Act, and further assert that defendants' removal was improper in that no federal question jurisdiction exists and that there is no other basis of federal jurisdiction that would warrant removal of the matter to federal court.

All parties have been served with plaintiff's complaint within the applicable time periods.

2. <u>Factual Background</u>

Plaintiff alleges and contends as follows:

Mr. McConnell is a 45 year old former mechanic who developed End Stage Renal Failure secondary to Diabetes Mellitus Type 1 which was diagnosed when he was 11 years old. Mr. McConnell developed End State Renal disease and began Peritoneal Dialysis in 1996 but after approximately a year, required Hemodialysis. Mr. McConnell was evaluated at the UCSF Transplant Center on February 12, 1997 for renal and pancreas transplant candidacy. He

underwent a Simultaneous Pancreas Kidney transplant on November 19, 1998 at UCSF. Mr. McConnell's pancreas was rejected and insulin therapy was reinstated in August of 2003. Mr. McConnell was relisted for a second pancreas on April 14, 2004 at UCSF. At that time, his kidney transplant was still functioning.

3. <u>Legal Issues</u>

The principle legal issues raised as an initial matter are whether plaintiffs' claims are in part or in whole preempted by the Medicare Act.

4. <u>Motions</u>

Defendants anticipate having a motion to compel arbitration on file within thirty days.

5. <u>Amendments of Pleadings</u>

Neither party anticipates amending the pleadings at this time.

6. <u>Evidence Preservation</u>

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in the action, including interdiction of any document destruction program and any ongoing erasures of emails, voice mails, and other electronically recorded material.

7. <u>Disclosure</u>

Pursuant to FRCP 26(a)(1), the parties have stipulated to postpone any Rule 26 initial disclosures in light of the fact that defendants anticipate filing a motion to compel arbitration, and while they determine the best manner to proceed with possible coordination of discovery with other similarly situated cases and claims. The parties believe that there are over 100 similar claims, some of which are pending in state court, federal court, arbitration proceedings or that have not yet been filed in any forum. The parties are actively discussing how they might proceed with discovery in the most efficient and fair manner as possible.

8. <u>Discovery</u>

Defendants have subpoenaed records from California Transplant Donor Network. Plaintiff has requested and obtained plaintiff's medical records from defendants. Both parties are taking steps to investigate plaintiff's claims through voluntary information transfers.

As a proposed discovery plan, the parties respectfully request that no Scheduling Order be

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

338756.1                                      - 3 -

JOINT CASE MANAGEMENT STATEMENT

set at this time and that a further status conference be set in order to address a discovery plan. Defendants are preparing a motion to compel arbitration and plaintiff plans to oppose that motion. If defendants prevail on the motion, then discovery will proceed in the arbitration forum and a discovery plan will not be required. In addition, the parties are in active discussions regarding the possible cooperation amongst counsel in this case and counsel representing other parties regarding discovery. Once that plan is in place, the parties will better be able to estimate discovery cutoff deadlines and when the case will be ready for trial.

Based on the foregoing, the parties recommend that a further status conference be set in July 2008. The parties will be prepared to further discuss these matters at the status conference hearing.

9. Class Action

The parties are aware of a related class action complaint against defendants related to the subject matter of this action. That class action has been dismissed.

10. Related Cases

On January 7, 2008, a Related Case Order was issued which ordered this case related to *Drissi, et al. v. Kaiser Foundation Hospitals, et al.*, Case No. C 07-01980 SC and also related to *Clay, et al. v. The Permanente Medical Group, Inc., et al.*, Case No. C 06-07926 SC. There are also similar cases pending in various state courts and in arbitration proceedings, and claims of numerous individuals have been identified to defendants but have not yet been filed in any jurisdiction.

11. Relief

Plaintiff is seeking economic and non-economic damages, and state claims in their complaint for negligence, fraud and fraudulent concealment, infliction of emotional distress, violations of California Business and Professions Code sections 17200 and 17500 *et seq.* and related claims. There are no counterclaims filed.

12. Settlement and ADR

Both sides are open to settlement, and are currently exploring the prospect of early resolution of the case. They are also in active discussions as to the discovery and exchange of

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW

338756.1                                    - 4 -

JOINT CASE MANAGEMENT STATEMENT

information that may be needed to engage in successful ADR. The parties will be prepared to discuss their efforts in further detail at the Case Management Conference.

13. Consent to Magistrate Judge For All Purposes

At this time, the parties prefer that the matter be handled by the judge currently assigned to the case and do not consent to handling by a magistrate judge.

14. Other References

Defendants assert, and plaintiffs deny, that this matter is required to be sent to binding arbitration. The motion to compel arbitration, which will be filed in the near future, addresses this matter.

15. Narrowing of Issues

At this time, the parties do not yet have suggestions as to how to narrow the issues, but will be cooperative in trying to do so as the matter progresses.

16. Expedited Schedule

The matter is not suitable for handling on an expedited schedule.

17. Scheduling

The parties request that a further status conference be held before dates for discovery and litigation deadlines be set. (See No. 8 above.)

18. Trial

The matter will be tried before a jury, except for any equitable matter under code sections 17200 and 17500 which may be tried concurrently before the Court.

19. Disclosure of Non-Party Interested Entities or Persons

No person or entity other than the parties have a financial interest in the subject matter of the proceeding or in the parties. All appropriate disclosures have been filed or will be filed prior to the conference in this matter.

| | | | |
|---|---|---|---|
| 1 | DATED: | March 14, 2008 | WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP |
| 2 | | | |
| 3 | | | By:   /s/ |
| 4 | | | Ronald R. Lamb<br>Attorneys for Defendants |
| 5 | | | |
| 6 | DATED: | March 14, 2008 | LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS |
| 7 | | | |
| 8 | | | By:   /s/<br>Mark G. Crawford<br>Attorneys for Plaintiffs |

338756.1

- 6 -

## ORDER

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management and Proposed Order filed prior to the conference.

The Court hereby sets a further Case Management Conference for _____, 2008. The parties are directed to file a further Case Management Statement and Rule 26(f) Report five (5) court days before the scheduled conference.

Date: March _____, 2008          _____
                                           Hon. Samuel Conti
                                           United States District Judge

ATTORNEYS AT LAW

338756.1                               - 7 -

JOINT CASE MANAGEMENT STATEMENT